WILLIAM SCHILLER, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. The provision contained in section 16 of Article 3 of the constitution that "each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title" forbids the legislature to embrace in one act two different and unconnected subjects, but provisions on one subject and matters properly connected therewith may be embraced in one act. Only the **subject** is required to be briefly expressed in the title. The matters properly connected with such subject are not required to be expressed in the title.

2. Chapter 5106, laws of 1903, is "an act imposing license and other taxes, providing for the payment thereof, and prescribing penalties for doing business without a license, or other failure to comply with the provision thereof." The subject that may be embraced in this act is the imposing of license and other taxes. Providing for the payment of such license and other taxes, prescribing penalties for doing business without a license and prescribing penalties for failure to comply with the provisions of such licenses, are matters properly connected with the subject of imposing license and other taxes, and they may properly be embraced in one act.

3. It is competent for the legislature to attach a restriction or limitation to a license to sell liquors that if the holder thereof sells at a particuar time during the period for which the license was issued he shall be deemed guilty of selling without a license, and to provide that a violator of the restrictions and limitations shall be deemed guilty of selling without a license. These provisions are germane to and properly connected with the subject of imposing license taxes, and consequently they may be embraced in an act with such subject.

4. An act imposing license and other taxes may have embraced therein provisions that no license issued under the act shall allow the holder thereof to sell liquors on Sunday and that if the holder sells at times in which the act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license, as these provisions are matters properly connected with the subject of imposing license and other taxes.

5. A provision in an act that if the holder of a license to sell liquors sells at times forbidden by the act he shall be deemed guilty of selling without a license, and the time forbidden is between twelve o'clock Saturday and twelve o'clock Sunday night, the penalty is not for selling on Sunday as such, but for selling in violation of the license.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*J. B. Christie I. L. Farris* and *William H. Harwick* for Plaintiff in Error.

*W. H. Ellis*, Attorney-General for the State.

WHITFIELD, C. J. The plaintiff in error presented to the judge of the Circuit Court for Duval county a petition alleging that he is illegally restrained of his liberty and unlawfully detained in custody by John Price, as Sheriff of Duval County, Florida; that at the August, 1904, term of the Criminal Court of Record for Duval county, petitioner was tried and convicted on an information charging that

on the 26th day of June, A. D. 1904, the petitioner did engage in the sale of spirituous, vinous and malt liquors between the hours of twelve o'clock on Saturday night, the 25th day of June, A. D. 1904, and twelve o'clock on Sunday night the 26th day of June, A. D. 1904; that upon conviction he was sentenced under section 13 of Chapter 5106 of the laws of Florida, acts of 1903, to pay a fine of five hundred dollars and costs, and to be imprisoned at hard labor in the county jail for thirty days, and in default of the payment of said fine and costs, to be still longer confined in the county jail for sixty days, thus showing that petitioner was sentenced under that part of section 12 of Chapter 5106, laws of Florida, making it a crime to sell liquors, wines, &c., on Sunday; that petitioner is advised and believes and so allges that the said portion of section 12, Chapter 5106, laws of Florida, acts of 1903, is unconstitutional and void, and that the judge of said court had no power or right to sentence petitioner upon conviction of the crime charged in the information, except to sentence him under section 2639 of the Revised Statutes of the State of Florida, which imposes a maximum fine of fifty dollars; that petitioner alleges that the part of section 12, Chapter 5106, aforesaid, creating and making it a crime to sell spirituous, vinous and malt liquors on Sunday, is unconstitutional and void, in that it is in conflict with section 16 of Article 3 of the constitution of the State of Florida, which requires that each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title. Petitioner prays that a writ of *habeas corpus* may issue and that petitioner may be discharged from said custody, or that petitioner may be allowed bail, in a reasonable amount, conditioned

that he be and appear at the next term of the Criminal Court of Record of Duval county, Florida, to receive a fit, proper and legal sentence for said crime of which he was convicted, &c.

A writ of *habeas corpus* was issued, and upon its return the judge held that the judgment of the Criminal Court of Record is valid and binding and that the restraint is not illegal. The petitioner was remanded to the custody of the sheriff of Duval county and writ of error to this court was allowed by the judge.

The constitution of Florida in section 16 of Article 3 ordains that "each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." Under this constitutional limitation the legislature may not include in one act two different and unconnected subjects, but provisions on one subject and matters properly connected therewith may be embraced in one act. Only the *subject* is required to be briefly expressed in the title. The matters properly connected with such subject are not required to be expressed in the title.

The law under consideration is "an act imposing license and other taxes, providing for the payment thereof, and prescribing penalties for doing business without a license, or other failure to comply with the provisions thereof." The subject that may be embraced in this act is the imposing of license and other taxes. Providing for the payment of such license and other taxes, prescribing penalties for doing business without a license and prescribing penalties for failure to comply with the provisions of such licenses, are matters properly connected with the subject of imposing license and other taxes, and they may properly be ambraced in one act. The act provides "That

dealers in spirituous, vinous or malt liquors shall pay a license tax of seven hundred and fifty dollars in each county for each place of business." "Provided, that no license issued under the provisions of this act shall allow the holder thereof to sell such liquors as described in this act between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night, and the collector issuing any license under this act shall have written upon its face in red ink the words 'This license does not allow the holder to sell liquors between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night,' and if the holder sells liquors at times in which this act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license." "That any person or persons who shall engage in the sale of such liquors in this State as provided in this act without first having procured a license as provided in this act, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in the sum of not less than two hundred and fifty dollars nor more than one thousand dollars, and be imprisoned in the county jail for not less than thirty days nor more than six months." It is claimed that the provision under which this sentence was imposed, to-wit: "If the holder sells liquors at times in which this act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license" is inoperative because it is argued "nowhere in the act, except it may be by implication, is any time specified in which persons holding licenses are prohibited from selling liquors." The act provides "that no license issued under the provisions of this act shall allow the holder thereof to sell such liquors as described in this act between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night."

This in effect specifies a  time in which persons holding licenses are prohibited from  selling liquors  and the clause stating who shall be deemed guilty of selling without a license has reference to the provision last quoted.

It is also contended that the provision "if the holder sells liquors at times in which this act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license" is an entirely different subject from the one of "imposing license and other taxes," and is not a matter properly connected with such subject, and that such provision can not under  the constitution  be embraced in an act "imposing license and other taxes;" and, as a consequence, the provision first quoted above is void, and the sentence imposed under it is illegal and a nullity entitling the petitioner to relief from such sentence.

It is competent for the legislature to attach restrictions and limitations to a license to sell liquors, and to provide that a violator of the restrictions and limitations shall be deemed guilty of selling without a license.   Crabb v. State, 47 Fla. ..., 36 South. Rep. 169.    These provisions are germane to and properly connected with the subject of imposing license taxes and consequently they may be embraced in an act with such subject.

The restriction and limitation attached to the license issued in this case in effect prohibits the holder of it from selling liquors between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night, and the act under which this restriction or limitation was imposed provides that if the holder sells liquors at times in which the act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license. This last provision fixes the status of the person who violates the restriction or limitation attached to the license by

selling during the prohibited time and is properly connected with the subject of imposing license taxes.

The plaintiff in error contends that "there is still another objection on constitutional grounds to be urged against this enactment which is that unless it repeals, in so far as it applies to the selling of liquors on Sunday, the general law against doing business on such day it punishes the person who having procured the license sells liquor on Sunday with greater severity than he who not having procured license commits the same act." The act does not purport to repeal the general law on the subject of selling merchandise on Sunday. It does not prescribe a penalty for selling liquor on Sunday as such, but it does prescribe a penalty for selling liquor without a license; and to enforce the restriction or limitation attached to the license that it does not allow the holder thereof to sell liquors at certain times, the act provides that if a person having a license sells liquors at the time prohibited by it he shall be deemed guilty of selling liquor without a license. The penalty prescribed for those who hold a license and sell at times when they are prohibited from selling is the same as is prescribed for those who have no license and sell at any time. Theisen v. McDavid, 34 Fla. 440, 16 South. Rep. 321.

There is consequently no foundation for the claim that where a license to sell liquors has been obtained the provision in section 12 of Chapter 5106, acts of 1903, that "if the holder sells at times in which this act prohibits the selling of the same, he shall be deemed guilty of selling liquors without a license" is inoperative because the act does not prohibit the selling of liquors at any time, or that the same provision is void because it is in conflict

with section 16 of Article 3 of the constitution or that it deprives any person of the equal protection of the laws.

The sentence imposed upon the plaintiff in error is within the penalty prescribed by section 12, Chapter 5106, acts of 1903. The provision for a further imprisonment in default of the payment of the fine and costs imposed is under Chapter 4026 of 1891.

The judgment is affirmed.

SHACKLEFORD and CARTER, JJ., concur.

COCKRELL, J., concurs in the opinion.

TAYLOR, J., concurring.

I think the provision of the license statute assailed in this case borders critically close to the cliffs of unconstitutionality, but applying the canon of construction applicable in such cases I give to the same the benefit of the doubt that prevades my mind on the subject, and, therefore, concur in the conclusion reached by the Chief-Justice.

HOCKER, J.

For the reasons stated by Judge Taylor I also concur in the conclusions of Chief-Justice Whitfield.