O. H. KEENE, et al., *Appellants*, v. LAKE COUNTY, et al., *Appellees.*

Division B.

Opinion filed January 13, 1930.

*J. W. Hunter* and *George F. Westbrook*, for Appellants;

*C. Rogers Wells,* for Appellees.

WHITFIELD, P. J.—This appeal is from a decree validating bonds to be issued by Special Road and Bridge District Number Eight, Lake County, Florida. The bonds are authorized by Chapter 14168, Acts 1929, a local law. The only question presented for adjudication is the meaning of Section 21, Article III of the Constitution as amended in 1928, which requires the ''affidavit constituting proof of publication'' of notice of a proposed local law to ''be entered in full upon the journals of the Senate and of the House of Representatives.'' Does the organic provision require the affidavit of publication to be entered upon the journals of both houses of the legislature or only in the journal of the house in which the bill is introduced?

Section 20, Article III of the Constitution provides that ''The legislature shall not pass special or local laws in any of the following enumerated cases,'' &c.

Section 21, Article III, as amended, is as follows:

''Sec. 21. In all cases enumerated in the preceding section all laws shall be general and of uniform opera-

tion throughout the State, but in all cases not enumerated or excepted in that section, the legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution; Provided, That no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the legislature of such bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the legislature before such bill shall be passed by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the legislature, and which such affidavit constituting proof of publication shall be entered in full upon the journals of the Senate and of the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill. Provided, however, no publication of any local of special law is required hereunder when such local or special law contains a provision to the effect that the same shall not become operative or effective until the same has been ratified or approved by a majority of the qualified electors participating in an election called in the territory affected by said special or local law."

The Constitution provides that "any bill may originate in either house of the legislature, and after being passed in one house may be amended in the other." Section 14, Article III. Section 21, as amended, requires the evidence of publication of notice as to proposed special or local laws

to "be established in the legislature * * * by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the legislature, and which such affidavit constituting proof of publication shall be entered in full upon the journals of the Senate and of the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill."

The same legislative bill is *introduced* in only one house of the legislature, though a duplicate may be introduced in the other house. When a bill is passed by one house, it is transmitted to the other house for its action thereon; but the bill passed by one house is not *introduced* in the other house when it is transmitted by the house by which the bill has been passed.

As a "bill" is "introduced" in only one of the two branches of the legislature, and as the provision of the amended organic section is that the "affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the legislature * * * shall be entered in full upon the journals of the Senate and of the House of Representatives * * *" immediately following "the journal entry showing the introduction of the bill," the words, "either branch of the legislature" has reference to the house in which a legislative bill is "introduced," while the words, "entered in full upon the journals of the Senate and of the House of Representatives" mean that journal entry of "the affidavit of proof of publication" "shall immediately follow the journal entry showing the introduction of the bill," whether in the Senate or in the House of Representatives.

In this case it is made to appear that the local bill was introduced in the House of Representatives and the journal entry of the "affidavit constituting proof of publica-

tion" does "immediately follow the journal entry showing the introduction of the bill." This complied with the organic requirement and it was not necessary to make an entry of such affidavit in the journal of the Senate when the bill was transmitted to it by the House of Representatives after its passage by the house.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.