BAKER & HOLMES CO., a corporation, and B. A. CASSADY, as Sheriff of Lake County, Florida, *Appellants,* v. CORA LEE GIBSON, *Appellee.*

136 So. 544.

En Banc.

Opinion filed August 10, 1931.

Petition for rehearing denied October 23, 1931.

*H. C. Collins,* for Appellants;

*J. W. Hunter,* for Appellee.

BUFORD, C.J.—Baker & Holmes Company received on November 1, 1925, eighteen (18) promissory notes made by Lake County Supply Company and endorsed by W. B. Gibson and one Hackney. Thirteen (13) of these notes were paid and five (5) left unpaid.

Thereafter, in June, 1927, three (3) new notes were given in lieu of the five (5) old notes and were executed by Lake County Supply Company, with Gibson as endorser.

Baker & Holmes Co. procured judgment against Gibson on the notes and levied on certain lands.

Cora Lee Gibson filed a bill to enjoin the sale of the lands under execution, claiming the same as her separate statutory property, meaning her separate property.

Baker & Holmes Company filed answer in which it was alleged that Gibson on the 21st day of June, 1927, became endorser on three notes aggregating the sum of $848.15, payable to Baker & Holmes Company; that Baker & Holmes Company accepted the indorsement of Gibson on the notes with knowledge that the record title to lands described and claimed by the complainant was in W. B. Gibson and that such knowledge was the major factor in its acceptance of the said notes.

The answer further alleges:

"This defendant further avers that the said W. B. Gibson remained as the owner of all of the said lands until the 23rd day of September, A. D. 1928, when there were filed for record in the Circuit Court of Lake County, Florida, five certain deeds wherein and whereby said W. B. Gibson sought to convey to complainant all the lands in Lake County, Florida, of which the said W. B. Gibson was the owner, including the lands set out in the bill of complaint in this cause, which said deeds are recorded in Deed Book 109 page 556 and page 557, and in Deed Book 141, pages 166, 168 and 169, respectively, of the Public Records of Lake County, Florida; this defendant avers that although said deeds were apparently executed long prior to the endorsement of the notes hereinbefore referred to, nevertheless complainant refrained from placing the same upon the Public Records of Lake County, Florida, until the said W. B. Gibson became indebted to this defendant as aforesaid: that no consideration passed from complainant to the said W. B. Gibson after the said indebtedness arose and that the placing of the said deeds upon the Public Records of Lake County, Florida, as aforesaid was an act of fraud towards this defendant for the purpose of hindering and delaying it in collecting the sum due it under the judg-

ment aforesaid and that the said deeds therefore are null and void as towards this defendant.''

There were three deeds from Gibson to his wife. They were each executed apparently on the 8th day of November, 1926, and the record shows that each was filed for record on September 23rd, 1927. The creation of the obligation was explained by Mr. Baker as follows:

"Q. When were those notes given?

A. On June 21, 1927.

Q. When was the original obligation under those notes?

A. I would possibly have to explain a little—

Q. Go ahead and explain?

A. You remember the Company,—the Lake County Supply Company, was in trouble and they agreed to make settlement with the creditors by paying a certain amount and giving notes for the balance, with the indorsement of Mr. Hackney and Mr. Gibson, and these notes—there were eighteen of the notes for a certain amount $121.00 and some cents. I have forgotten the number of cents. They paid thirteen of the notes, and five of them were unpaid, and they were never paid, and finally we agreed to take other notes which was those three notes, and to give the gentlemen a reasonable length of time to pay them.

Q. Mr. Gibson was endorser of those notes?

A. Yes, sir.

Q. Dont you remember about the time the original obligation was made?

A. I think November 1, 1925.

Q. When was this credit extended and the notes taken?

A. This credit was extended, if I am not mistaken, in 1925. I think that was when they began to do business.

Q. When were the new notes given?

A. These notes I have here were given in June, 1927.

Q. You took his endorsement at that time and extended the time of payment, the original payment?

A. Yes, sir.

Q. Upon what did you extend this credit to Mr. Gibson?

A. Upon information which we received from our salesman who was traveling this territory, that Mr. Gibson was a property owner and good for his endorsement.

Q. Who was that representative?

A. Mr. J. A. Pittman.''

The only evidence offered by the complainant was the three deeds. The first deed recited a consideration of $10.00 and conveyed ten (10) acres of land. The second deed recited a consideration of $3,000.00 and conveyed thirty-five (35) acres of land. The third deed recited a consideration of $10.00 and conveyed ten (10) acres of land. The evidence showed the consideration recited in each deed to have been inadequate. The evidence showed that all the property was originally purchased by W. B. Gibson. As before stated, the deeds were not recorded until after the endorsement of the last notes which were the basis of the suit in which judgment was obtained and the deeds were made from Gibson to his wife while the obligation for which the notes were given existed from him to Baker & Holmes Company.

Section 3797 R. G. S., 5670 C. G. L., provides as follows:

''Conveyances by husband to wife direct.—A deed to real estate hereafter made by a husband direct to his wife shall be effectual to convey the legal title to such wife in all cases in which it would be effectual if the parties were not so married.

All deeds to real estate heretofore made by a husband direct to his wife or hereby validated and made as effectual to convey the title to the wife as they would have been were the parties not so married; Provided that nothing herein shall be construed as validating any deed made for the purpose, or that operates to defraud any creditor or to avoid the payment of any legal debt or claim; and Provided further, this law shall not apply to any deed or conveyance the validity of which is at the time of the approval of this law being contested by law.''

Section 3864 R. G. S., 5771 C. G. L., provides as follows:

''Fraudulent conveyances void.—Every feoffment, gift, grant, alienation, bargain, sale conveyance, transfer and assignment of lands, tenements, hereditaments, and

of goods and chattels, or any of them, or any lease, rent, use, common or other profit, benefit or charge whatever out of lands, tenements, hereditaments or goods and chattels, or any of them, by writing or otherwise, and every bond, note, contract, suit, judgment and execution which shall at any time hereafter be had, made or executed, contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures, shall be from henceforth as against the person or persons, or bodies politic or corporate, his, her or their successors, executors, administrators and assigns, and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect, any pretence, color, feigned consideration, expressing of use or any other matter or thing to the contrary notwithstanding; Provided, that this section, or anything therein contained, shall not extend to any estate or interest in lands, tenements, hereditaments, leases, rents, uses, commons, profits, goods or chattels which shall be had, made conveyed or assured if such estate shall be, upon good consideration and bona fide, lawfully conveyed or assured to any person or persons, or body politic or corporate, not having at the time of such conveyance or assurance to them made any manner of notice or knowledge of such covin, fraud or collusion as aforesaid, anything in this section to the contrary notwithstanding.''

The proof in this case entirely failed to meet the requirements of the law to sustain a decree in favor of the complainant Cora Lee Gibson. Under the conditions existing here the burden of proof was upon the complainant to show that she paid for the lands with her separate money or property and that she paid an adequate price and without knowledge that the transfer was being made to hinder or defraud creditors in contravention of section 5771, C. G. L.

In American Freehold Land & Mortgage Co. vs. Maxwell, 39 Fla. 489, 22 Sou. 751, it was said:

''A husband's declarations made subsequent to a con-

veyance of lands from him to his wife, to the effect that the lands so conveyed were purchased by him with money or property of the wife; are not sufficient to establish a purchase with funds belonging to the separate estate of the wife.

A simple failure to record a conveyance of real estate does not of itself render the instrument fraudulent as to creditors, but it is one circumstance which in connection with others, may avoid the deed. Where the instrument is a voluntary conveyance from a husband to his wife, and it is withheld from record until after equities of the husband's creditors without notice attach to the property conveyed, either by reason of some lien, or because of credit extended upon the faith of the grantor's possession and apparent ownership of record of the property conveyed, the conveyance will be invalid as against such creditors.''

See also Storrs vs. Storrs, 22 Fla. 274, 2 Sou. 368; Claflin vs. Thayer, 37 Fla. 78, 19 Sou. 628; McKeown vs. Allen, et al., 37 Fla. 490, 20 Sou. 556; Hummel vs. Harrington, 92 Fla. 87, 109 Sou. 320; Barrow vs. Bradley, 5 Fla. 9; Barclay vs. Robertson, 67 Fla. 461, 65 Sou. 546; Sarasota Co. vs. Weeks, 130 Sou. 599; Ostend Realty Co. vs. Biscayne Realty & Insurance Co., 99 Fla. 1221, 128 Sou. 643; Weaver-Loughridge Lbr. Co. vs. Kirkland, 99 Fla. 427, 126 Sou. 773.

For the reasons stated, the decree appealed from should be reversed with directions that the bill be dismissed. It is so ordered.

Reversed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.