THE STATE OF FLORIDA, ex rel. CARY D. LANDIS, as Attorney General, *Relator*, vs. C. H. CRANDON, CECIL A. TURNER, F. G. BAILEY, R. P. BARFIELD and J. D. REED, as and constituting the Board of County Commissioners of Dade County, Florida, *Respondents*.

141 So. 177.

En Banc.

Opinion filed April 21, 1932.

*Cary D. Landis*, Attorney General, *Roberts & Nelson*, and *Loftin, Stokes & Calkins*, for Relator;

*J. Harvey Robillard*, for Respondents.

PER CURIAM.—The Legislature at its 1931 session passed two Acts entitled as follows:

"14687. AN ACT to Require the County Commissioners in Certain Counties in the State of Florida to Redistrict the County Commission District Therein; to Provide a Penalty for Violation Thereof; to Provide a Time When New Commission Districts Shall Become Operative and For Other Purposes."

"15143. AN ACT Abolishing County Commissioner's District Number Four as Now Existing and Established in and for Dade County, Florida; Changing and Altering the County Commissioners Districts of Dade County by Creating a New County Commis-

sioner's District Number Four and Establishing its Boundaries; Designating the Five New County Commissioners' Districts in and for Dade County as Changed and Altered by Such Abolishment and Creation; Providing When This Act Shall Become Operative, and for Other Purposes.''

These Acts, it is alleged in a quo warranto proceeding, were designed to bring about a re-districting of Dade County into new County Commissioners' Districts,—that Chapter. 14687, *supra*, is so framed that it is applicable to no other County than Dade, though general in form.

Notice of intention to apply for the passage of said Chapter 14687 does not appear to have been given, nor evidence thereof recorded on the legislative journals, as required by Section 1 of Article III of the Constitution of Florida, as amended at the general election in 1928, so if that Act is to be construed as other than a general law sustainable as such upon a legitimate classification of counties according to population, it is plainly unconstitutional as having been passed by the Legislature without a showing of compliance with Section 21 of Article III as amended. Keene v. Lake County, 98 Fla. 1247, 125 Sou. Rep. 908; State vs. Brevard County, 99 Fla. 226, 126 Sou. Rep. 353; Whitney v. Hillsborough County, 99 Fla. 628, 127 Sou. Rep. 486; Douglas v. Webber, 99 Fla. 755, 128 Sou. Rep. 613; Milner vs. Hatton, 100 Fla. 210, 129 Sou. Rep. 593.

On the other hand, if the said Act is to be construed as intended to operate as a general law, so as to dispense with the proof required by Section 21, of Article III of the Constitution as amended, it cannot be sustained as such under the authority of Anderson vs. Board of Public Instruction of Hillsborough County, 102 Fla. 895, 136 Sou. Rep. 334, and Knight v. Board of Public Instruction of Hillsborough County, 102 Fla. 922, 136 Sou. Rep. 631, in which cases legislation of an almost identical

character was declared unconstitutional as based upon an arbitrary classification.

The general laws of the State authorizing the redistricting of County Commissioners' District (Section 2147-2152 C. G. L., 1469-1474 R. G. S.), if still effective and applicable, are expressly shown by the pleadings not to have been sufficiently complied with in this case to sustain under the Sections just cited the redistricting here shown to have been attempted. Therefore, the attempted redistricting here brought into controversy, must stand or fall on the validity of one or the other of the 1931 Acts hereinbefore referred to.

A County is not a *municipality* within the purview of Section 8 of Article VIII of the Constitution. State ex rel. McQuaid v. County Comm'rs Duval County, 23 Fla. 483, 3 Sou. Rep. 193. So special or local legislation relating to *Counties* is not subject to the rule announced in Middleton v. St. Augustine, 42 Fla. 287, 29 Sou. Rep. 421, 89 Am. St. Rep. 227, to the effect that special or local legislation affecting *municipal* corporations under Section 8 of Article VIII is not controlled by the proviso to Section 21 of Article III (either in its original form, or as amended in 1928).

Chapter 14687, *supra*, is unconstitutional for the reason that it is not a valid general law and was not passed as a special or local law in compliance with Section 21 of Article III as amended. Chapter 15143 is in terms a local law applicable only to Dade County, and not having been passed in compliance with Section 21 of Article III of the Constitution as amended, is also invalid for that reason, if no other. So it follows that the relator's motion for judgment of ouster must be granted and it is so ordered.

Judgment of ouster awarded.

312

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.