Matilda J. Utley, *et vir*, v. City of St. Petersburg.

149 So. 806.

Division B.

Opinion Filed September 20, 1933.

Rehearing Denied October 12, 1933.

*L. D. Martin,* for Appellant;

*Earle B. Askew* and *Carroll R. Runyon,* for Appellee.

Per Curiam.—Appellants filed amended and supplemental bill of complaint for the purpose of obtaining a

decree cancelling certain paving certificates as cloud on the title of plaintiff to certain lands and for injunctive relief.

The complainants' claim to the right of having the relief prayed decreed was grounded upon the contention that Chapter 9914, Special Acts of the Legislature of 1933, under which the paving certificates were issued, was void because of the several provisions thereof being in conflict with certain provisions of the State and Federal Constitutions.

General and special demurrers were sustained and the amended and supplemental bill dismissed, from which decree appellants appealed.

It appears to us that all questions presented here have been heretofore settled by this Court adversely to the contention of the appellants and that no good purpose can be served by again re-stating principles of law applicable which have heretofore been clearly stated and adhered to by this Court.

Chapter 14392, Special Acts of 1929, by its terms validated all special assessments levied and imposed by the City of St. Petersburg and all certificates of indebtedness issued by the City of St. Petersburg prior to that Act becoming effective, as did also Chapter 13511, Special Acts of the Legislature of 1931. The assessment here complained of was levied and the certificates of indebtedness were issued prior to the enactment of either of these Acts. Therefore, unless the Legislature was without authority to levy the assessment and to authorize the issuance of the certificates, the validating Acts cured any defects which might have existed in connection with the issuance of the certificates. See Anderson v. City of Ocala, 85 Fla. 344, 91 Sou. 182; also Walters v. City of Tampa, 88 Fla. 177, 101 Sou. 227.

The sufficiency of the title to the Act may be sustained

on authority of the opinions and judgments in the cases of Schiller v. State, 49 Fla. 25, 38 Sou. 706; State, *ex rel.,* Davis v. Rose, 97 Fla. 710, 122 Sou. 225; McSween, *et al.,* v. State, 97 Fla. 749, 122 Sou. 239.

The contention that the Act violates Section 20 of Article III of the Constitution has been decided adversely to the appellants' contention in the case of Filton, *et al.,* v. City of Marianna, 105 Fla. 144, Sou. 400.

The contention that the Act did not provide for due process of law has been adversely determined by this Court in the case of Anderson v. City of Ocala, *supra,* and in many other cases, the most recent of which is that of City of Coral Gables, a Municipal Corporation, v. Certain Lands, etc., in which opinion was filed May 10, 1933.

The contention that the assessment here under consideration and the issuance of the certificates constitutes the taking of property without due process of law was determined adversely to appellants' contention in the case of City of Fort Myers v. State, 95 Fla. 704, 117 Sou. 97; and again in Abel v. Town of Boynton, 95 Fla. 984, 117 Sou. 507.

The contention that the Act is unconstitutional and denies appellants due process of law because it authorizes the city authorities to levy and collect a general tax on all property for the payment of the bonded indebtedness in season and that the City had levied and collected a general tax for the purpose of discharging the debt, has been adversely determined by this Court in the case of Klem v. Davenport, 100 Fla. 627, 129 Sou. 904, as was also the contention that appellants were denied due process of law because they did not have the opportunity to vote on the issuance of the bonds.

We also think that the opinion in the case of Abel v. Town of Boynton, *supra,* is applicable to the case now be-

fore us on the question of estoppel and that on authority of the decision in that case they were estopped from maintaining this suit for the same reasons which obtained in the suit of Abel v. Town of Boynton, *supra.*

It appears, therefore, that the decree appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in conclusion.

ELLIS, J., not participating.