DANIEL T. UTLEY, *et al.,* v. CITY OF ST. PETERSBURG.

163 So. 523.

Opinion Filed October 18, 1935.

*L. D. Martin,* for Appellants;

*W. F. Way* and *Carrol R. Runyon,* for Appellee.

PER CURIAM.—This is the second appearance of this case here. See Utley, *et al.,* v. City of St. Petersburg, 106 Fla. 882, 144 Sou. 57. A companion case has also been determined by this Court. See Utley, *et al.,* v. City of St. Petersburg, 111 Fla. 844, 149 Sou. 806. In both of these cases we held that Chapter 13511, Acts of the Legislature of 1934,

cured any defects which might have existed in connection with the issuance of the paving certificates under attack in these proceedings and, of course, the certificates involved in the case now before us are the same certificates which were involved when the case was here on the former appeal.

It is well settled that all points adjudicated by an appellate court on writ of error or appeal become the law of the case and are no longer open for discussion or consideration, but it is also true that that principle is not applicable to and is not decisive upon points presented on a second writ of error or appeal that were not presented on a former writ of error or appeal.

The point of law presented on former appeal in this case was whether or not the certificates involved constituted valid obligations and whether or not the curative Act of the Legislature of 1931 above referred to cured all defects if any existed, in connection with the issuance of such certificate.

In the case now before us the appellant attempts to again question the validity of the certificates upon some further grounds which he now avers were not presented on the former hearing. This amounts to an application for a re-hearing upon the point of law which has already been determined in this case and does not present for determination a question that was not determined in the original opinion which as to such question became the law of the case. A litigant may not contend that an Act is invalid and rely upon one or two grounds to show its invalidity and when the questions so presented have been determined adversely to him then say, "Well, conceding I am wrong about that, the Act is invalid on another ground which is thus and so," litigate that question through the courts and when again that Act has been invalid, come back saying, "I contend

there are yet other grounds which I have the right to assert as a basis of my litigation." If this were permitted, litigation might go on and on forever. The law of the case upon the legal points which are now sought to be reviewed, to-wit, the effect of the curative Act of 1931, above cited, was determined by the opinion and judgment of this Court in the case above referred to and, therefore, the order appealed from is affirmed.

So ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.