MARY T. BURGOYNE, a widow, v. CHADWICK MATHER COMPANY, and MATHER BARNES COMPANY.

176 So. 772.

Division B.

Opinion Filed November 5, 1937.

*Ray. Selden,* for Appellant;

*John E. Mathews,* for Appellees.

CHAPMAN, J.—The parties will be referred to in this opinion as they appeared in the court below as plaintiff and defendants. On December 23, 1932, plaintiff filed in the Circuit Court of Volusia County her original bill of complaint. On June 5, 1933, the court below sustained motions of the defendants made a part of separate answers to dismiss the original bill of complaint for want of equity. On June 15, 1933, plaintiff filed an amended bill of complaint in which it was alleged, among other things, that the Chadwick Furniture Company executed a note and mortgage for the sum of $55,000.00 to the Orange Arcade Apartments, Inc., under date of November 24, 1926, due five years after date, with interest at 6% per annum for first two years and .7% per annum for last three years. The note and mortgage were assigned and transferred to the Mechants Bank & Trust Company on December 16th, 1926, and on said date were by Merchants Bank & Trust Company assigned and transferred to Merchants Bank & Trust Company, Trustee, for the plaintiff to this cause. The note and mortgage were foreclosed, the property therein described sold by the Special Master for the approximate sum of $10,000.00 and duly credited on the note. The Chad-

wick Furniture Company operated retail furniture stores at Jacksonville and Daytona Beach, Florida, and on May 28, 1928, when insolvent sold its Daytona Beach store to Mather Brothers, a co-partnership, which on August 8, 1928, became incorporated under the name of Mather Barnes Company, a Florida corporation, and succeeded to all the interests of the co-partnership of the Daytona Beach furniture business. On May 29, 1939, the Chadwick Furniture Company when insolvent sold its Jacksonville furniture store to the Chadwick Mather Company, and the sale thereof was a bulk sale under Sections 5772, 5773, 5774, 5775, C. G. L., and the transaction or sale thereby failed to square or substantially comply with sections, *supra,* and was fraudulently made, and likewise the sale of the Daytona Beach furniture business was fraudulent and violated the letter and spirit of sections, *supra.* The bill of complaint alleges the interlocking interest of the officers and stockholders of the different furniture companies charged with knowledge, interest and a common purpose to evade the spirit and letter of sections, *supra.*

In August, 1930, suit was filed in the Circuit Court of Volusia County, Florida, against the Chadwick Furniture Company on the note above referred to and a judgment, less former payment, on June 1, 1931, was entered for the sum of $52,490.00 in behalf of plaintiff and a writ of execution issued thereon and a return of *nulla bona* as made by the sheriff. It alleged that plans, schemes, collusions and a conspiracy existed in placing the assets of the Chadwick Furniture Company beyond the reach of the writ of execution and inaugurated and designed to defraud plaintiff by hindering, delaying and preventing collection of the money due on judgment as represented by the original note of indebtedness.

It is unnecessary to detail the many acts of fraud charged to the defendants as recited in the different paragraphs of the bill of complaint.

It is prayed by the bill that the sale of the furniture stock situated at Daytona Beach by the Chadwick Furniture Company to Mather Barnes Company be declared fraudulent and void. Likewise the sale and transfer of the stock of furniture by the Chadwick Furniture Company to Chadwick Mather Company be declared fraudulent and void. That the assets and all the property of the Chadwick Mather Company and the Mather Barnes Company be subjected by an appropriate order or decree to the writ of execution issued on the judgment of the plaintiff against the Chadwick Furniture Company. It is unnecessary to recite other allegations or prayers for relief appearing in the bill of complaint for a decision of this suit.

The defendants Chadwick Furniture Company and Mather Barnes Company through counsel filed separate answers to the bill of complaint in which it was admitted the execution and delivery of the note and mortgage in the sum of $55,000.00 payable to the Orange Arcade Apartments, Inc., on November 24, 1926, due five years thereafter and the transfer thereof to the plaintiff and the entry of a judgment therefor by the Circuit Court of Volusia County and the issuance of a writ of execution and a return of *nulla bona* by the sheriff. The answers, respectively, deny each allegation of fraud alleged in the bill of complaint and assert that the sales of the assets and property of the defendants at the time and manner stated were *bona fides,* honest and praiseworthy business transactions, free from fraud, collusion, improper designs, or fraudulent purpose or purposes, and further allege that each provision of Sections 5772, 5773, 5774 C. G. L., were substantially

complied with and that the spirit and intention of the sections, *supra,* had not been violated and that all creditors had full knowledge of each bulk sale, as made, and that the plaintff's trustee, viz., Merchants Bank & Trust Company, had full knowledge of each of said sales and were given to officers thereof when negotiating a loan to finance the sales prior to the closing of the bank of July 11, 1929. The officers of plaintiff's trustee and the officers of the Orange Arcade Apartments, were the same, except the president of Orange Arcade Apartments, Inc., and full information and knowledge of the bulk sale of the assets and property of the defendant furniture companies in this manner was brought home to the plaintiff. The statute of limitations was likewise made a part of the answer. Other detailed material allegations appear in each answer but unnecessary to recite here.

On December 28, 1933, the cause was by an order referred to Lewis F. Law, as Special Master, with directions to take and report all the evidence to the court below. The evidence offered by the parties was by the Special Master reported to the court below and upon final hearing under date of June 30, 1934, it was decreed that the plaintiff had failed to prove the material allegations of the bill of complaint and was not entitled to the relief sought and the suit dismissed. From this final decree an appeal was taken, supersedeas order made, and supersedeas bond filed and approved and four assignments of error presented for a reversal of the decree below but the cause will be considered under the single question, viz.: From the evidence offered herein and the law applicable thereto, did the lower court err in entering the decree appealed from?

Counsel for plaintiff in his brief cites Sections 5775 and 5776, C. G. L., and Bison v. Love, 4 Fla. 217; Volusia

County Bank v. Bigelow, 45 Fla. 638, 33 Sou. Rep. 704;
Kelley v. Pollock & Bernheimer, 57 Fla. 459, 49 Sou. Rep.
934, 131 Am. St. Rep. 1101; Folsom v. Farmers Bank of
Vero Beach, 102 Fla. 899, 136 Sou. Rep. 524; Baker &
Holmes Co. v. Gibson, 102 Fla. 891, 136 Sou. Rep. 544.
Consideration has been given each of these authorities and
we have no criticism to offer as to either citation. The
plaintiff offered in evidence before the Special Master cer-
tificates of incorporation as issued by the Secretary of State
touching the defendant corporations and were identified as
plaintiff's exhibits numbered from 1 to 6, both inclusive;
the files of the common law action of Adler v. Chadwick
Furniture Company; the transcribed and signed report of
the Commissioner filed in the Clerk's office of Volusia
County, Florida, March 20, 1930, with all exhibits; the dis-
tress for rent proceedings before the Circuit Court of Vo-
lusia County in the action of Adler v. Chadwick Furniture
Company dated January 13, 1930; the entire files in the
common law action of Mary T. Burgoyne v. Chadwick Fur-
niture Company lately pending in the Circuit Court of Vo-
lusia County, Florida; the mortgage foreclosure proceed-
ings of Mary T. Burgoyne v. Chadwick Furniture Com-
pany; the note and mortgage, assignment thereof by J. W.
Perkins, liquidator to plaintiff, and writ of execution on
judgment, with return thereon of *nulla bona;* five decla-
rations of trust between Merchants Bank & Trust Company
and Mary T. Burgoyne, and certain of the records of the
bank as identified by former employees, F. J. Niver and
Areal Sage. Ruth Grigsby, stenographer and law clerk,
identified the papers and transcribed her shorthand notes
of the proceedings in the case of State of Florida v. Lucius
Jenkins, which were offered in evidence for plaintiff. Ray
Selden gave evidence as to the records appearing in Duval

County concerning the property holdings of the defendants. The witnesses offered were cross-examined and objections offered as to the admissibility into evidence of many of the exhibits and oral testimony on part of the plaintiff.

The defendants, to sustain the allegations of their separate answers, produced H. C. "Cotton" Mather, F. C. Lunceford, George Turner, and E. C. Vaughn. These witnesses had been connected for many years with the furniture business, they testified as to the trades charged to be fraudulent and void, and it was by undisputable evidence established that in May, 1928, and June, 1929, the defendants were solvent and Mather Barnes Company and Chadwick 'Mather Company paid full value for the assets and property as stated in the answer. We do not feel that it is necessary to discuss or consider the weight or probative value of the evidence offered by the parties hereto as we have by an unbroken line of decisions holding that the findings of a Chancellor on questions of fact should not by this Court be disturbed unless it clearly appears by a consideration of all the evidence that this discretion has been abused. See the case of Farrington v. Harrison, 95 Fla. 769, text p. 770, 116 Sou. Rep. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

We have reviewed the entire record and fail to find an abuse of judicial discretion by the chancellor below in settling the equities of the cause and accordingly the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.