W. R. BOOSE and MABEL W. BOOSE, his wife, J. M. HOLFERTY, and FLORENCE B. HOLFERTY, his wife, A. B. THOMPSON and JOLANDA THOMPSON, his wife, and E. J. TAINTOR and JEWELL TAINTOR, his wife, Appellants, v. JULIA HENDERSON, as Substitute Trustee under the Last Will and Testament of Parker A. Henderson, deceased, Appellee.

3 So. (2nd) 757
En Banc

Opinion Filed July 22, 1941
Rehearing Denied September 12, 1941

*J. M. McCaskill* and *Thomas B. Everhart,* for Appellants.

*Murrell & Malone,* for Appellee.

CHAPMAN, J.—This case is here on appeal for the second time. For a decision on the first appeal see Henderson v. Boose, *et ux.,* 142 Fla. 804, 196 So. 671. The decree assigned as error here settled the equities of the case. The facts involved in the case at bar are accurately set out in the former opinion of this Court.

The record here discloses considerable testimony as to the rental value of 105 acres of potato land located near Goulds, in Dade County Florida. The cost of clearing the land was a controverted question and testimony was received on the annual yield of Irish Potatoes per acre in the Gould area. We have carefully read the testimony, examined briefs of counsel and heard able argument at the bar of this Court. The testimony was taken before a Master duly appointed, and the lower court entered a final

decree affirming and approving the conclusions of the Master, with a few modifications.

In the consideration of the probative weight of the testimony, we are not in accord with all the conclusions of the chancellor as expressed in the final decree, but there is no rule of law authorizing this Court to substitute its views or conclusions of the testimony for that of the chancellor. The rule here is that the findings of the chancellor on questions of fact will not be disturbed on appeal unless shown to be clearly erroneous. See Burgoyne v. Chadwick Mather Co., 129 Fla. 850, 176 So. 772.

It has not been made clearly to appear that the findings of the chancellor are erroneous or that he abused his discretion or that there is not testimony in the record to sustain his conclusions.

The decree appealed from is hereby affirmed.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BUFORD, J., concurs specially.

BROWN, C. J., dissents.

BUFORD, J., concurring specially.—I concur in what has been said in the opinion by Mr. Justice CHAPMAN. There is one further point, however, insisted upon by the appellants which I think should be discussed and determined. Appellants contend that the chancellor departed from the law of the case as established in our former opinion, Henderson v. Boose *et ux.*, 142 Fla. 804, 196 Sou. 671, because in that opinion we said:

". . . and we hold that as a condition precedent to obtaining a cancellation of the tax deed she should under the circumstances of this case be required by the trial court to first pay into the registry of the

court a sum sufficient to reimburse these appellees for the improvements and betterments made by them to the land at their expense, to the extent that such improvements and betterments have added to the value of the land over what that value was at the time the tax deed issued."

And also said:

"Certainly it would not appear to accord with the principles of equity to require the purchasers who have created a value by improvements and betterments to account to the former or real owner for a new rental value created by them. Thus Mrs. Henderson as Trustee would not be entitled to rentals except those based upon the rental value of the property which existed at the time the tax deed issued."

The chancellor, upon substantial evidence, has determined "the extent that such improvements and betterments had added to the value of the land over what that value was at the time the tax deed issued;" and in determining the rental value to be assessed against the defendants in the court below appears to have given them credit for that part of the new rental value which was *created by them.*

As I read the opinion, we did not mean to preclude the plaintiff from recovering rental values which have come to obtain by reason of other factors than the permanent improvements placed upon the land by the defendant.

The record now contains evidence that was not before us on the former appeal and that additional evidence was also, of course, before the chancellor when he entered his decree from which this appeal is taken. The question of the determination of the *amount* of rentals which plaintiff was entitled to

recover was not before the lower .court when the decree dismissing the bill of complaint was entered, nor was it before this Court when we rendered our opinion and judgment, *supra.*

Therefore, such question was not determined on the former appeal. Hart, *et al.,* v. Stribling, *et ux.,* 25 Fla. 435, 446 of text, 6 Sou. 455; Higbee v. Housing Authority of Jacksonville, 143 Fla. 560, 197 Sou. 479; Family Loan Co. v. Smetal Corp., 123 Fla. 900, 169 Sou. 48; Utley, *et al.,* v. City of St. Petersburg, 121 Fla. 268, 163 Sou. 523.

For these reasons we are unable to follow the contentions of appellant in this regard.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.

## ON REHEARING

BUFORD, J.—On petition for rehearing it is contended that the chancellor applied erroneous principles of law in determining the value of rentals due by appellants to appellee and that we have departed from the provisions of the statute, Sec. 795 R.G.S., 1026 C.G.L., Sec. 3239 R.G.S., 5047 C.G.L. *et seq.,* and from the rule established by our former decisions, especially in the case of Lovett v. Shore, *et al.,* 111 Fla. 592, 139 Sou. 194, and in the opinion in former appeal in this case, Henderson v. Boose *et ux.,* 142 Fla. 804, 196 Sou. 671.

We cannot agree with this contention. Our opinion is not in conflict with either the statute, supra, or with the opinions and judgments in the cases cited. We recognize the rule that although there is some au-

thority to the contrary, a bona fide occupant holding possession of land under color of title is not liable for the increased rental value of land caused by improve-ments put upon it by himself, and also that the rents must be computed upon the basis of the condition of the land when defendant took possession *unless.* the occupant has been allowed full *compensation for improvements* or the owner is required to pay interest on the value of the improvements or the improvements are of no appreciable or permanent value. See 19 C.J. 1242, Sec. 377 and cases there cited.

The record presented before us warrants the conclusion that the increase in the rental value of the property between the time of the acquisition of the tax deed and the recovery of the property by the owner was not due principally to the establishment of permanent improvements on the land but is due to the fact that during that period of time it had been discovered that the land is particularly adapted to the production of potatoes and because of the peculiar soil condition, it will produce valuable crops of potatoes. This increase in value is due to inherent quality of the land and not to the improvements made upon the land. The improvements, that is, the digging of some ditches and experimental cultivation, proved the value inherent in the land. It is not the improvements that have any material rental value. The improvements do not give the land additional rental value but resulted in the demonstration of the fact that the land did possess, and does possess, a value that was unknown at the time the tax deed was issued. The tax deed holder has been allowed adequate compensation for his improvements and, as stated in the special concurring opinion filed herein

on July 22, 1941, and concurred in by a majority of the Court, "and in determining the rental value to be assessed against the defendants in the court below appears to have given them credit for the part of the new rental value which was *created by them*."

Another factor which may have properly been taken into consideration by the chancellor is that rental values of other lands in this locality have advanced in rental value, not due to any improvements placed upon the land but due to the fact that the lands have been found to be naturally adapted to the production of profitable crops.

This case is to be differentiated from one where a party makes improvements after notice of adverse claim. In such case the party making improvements after such notice may not be allowed to recover the value of such improvements.

We believe there is a very material difference to be observed between a case where the increased rental value of the land is caused by the erection thereon of permanent improvements and is, therefore, made up of the rental value of the land plus the value of the use of improvements, and a case where the making of ordinary improvements results in the discovery that the land possesses a use of rental value which had theretofore existed and continued to exist because of the theretofore unknown quality of soil. The latter is the sort of case we have here. The land is the same as it was at the time the void tax deed issued but it possesses a quality and value which was not then known to exist. If it had not possessed that inherent quality the improvements which were made would not have resulted in any material increase in value. The property, including the unknown value, was in the

appellee, the owner, and she is entitled to the rental value inherent in the land, although a part of that value became known by reason of work done or improvements made by the appellant. Appellant has not been required to pay rent on the improvements.

For reasons stated, the petition for rehearing is denied.

So ordered.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.