RAWLS, Chief Judge.
Appellants instituted this action predicated upon the theory of inverse condemnation by which they contend that appellee has, without lawful authority, appropriated to its own use a part of their real property. Both parties moved for a summary judgment based on the pleadings, deposition of Moore, and an affidavit submitted by defendant’s manager. The chancellor entered a summary final decree in favor of defendant Choctawhatchee, hence this appeal by appellants.
Appellants pose the following two points:
WHEN THE WIDTH OF A PRESCRIPTIVE EASEMENT IS IN DISPUTE, WAS THE LOWER COURT CORRECT IN GRANTING A SUMMARY JUDGMENT?
WHETHER THE LOWER COURT ERRED IN FAILING TO DEFINITELY DESCRIBE IN THE JUDGMENT WIDTHS OF THE RIGHT OF WAY.
which we will treat as one.
Essential facts are: In January, 1965, plaintiffs purchased 31 acres of land in Okaloosa County and constructed a home on the eastern side of same. Plaintiff James Moore testified that the land was *789 so overgrown that although he walked over the land prior to purchasing same, he did not see defendant’s electric transmission line traversing the western side. The complaint alleged that in July of 1965, defendant cleared a strip of land 30 to 35 feet in width and 960 feet in depth along the west side of the property and in so doing cut 5 or 6 pine trees and 25 to 30 oak trees which were 10 to 20 years old.
Defendant claims under an unrecorded easement executed by plaintiffs’ predecessors in title in 1945, that grants to defendants an easement across 160 acres which is inclusive of plaintiffs’ lands. Plaintiffs had no knowledge of the existence of said easement. It is significant that this easement does not define any particular width, but only provides that defendant is granted “ * * the right to enter upon the lands of the undersigned * * * and to construct, operate and maintain on the above described lands * * * an electric transmission or distribution line or system, and to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric lines or system. * * * ”
The trial judge found upon sufficient evidence that since the transmission line was actually located on the propertjq and could be seen where it entered the property immediately after crossing a road, plaintiffs were given constructive notice of defendant’s easement. For the purposes of this appeal we do not decide whether the interest of defendant in said land was acquired by the provisions of the unrecorded easement as it contends. Even if we assume the correctness of defendant’s contention, the unrecorded easement clearly authorizes the cutting and trimming of trees and shrubbery only to the extent necessary to keep them clear of said electric line. Such language does not in and of itself vest in defendants as a matter of law the right to clear a 30 foot swarth, which was the width of the clearing as alleged and proved by plaintiffs. The same conclusion must be reached as to a prescriptive right[1] for plaintiffs alleged and submitted proof that defendant had not acquired or maintained a 30 to 35 foot easement because the trees cut were 10 to 20 years old. Appellee in its brief stated, “ * * * The width of the maintenance of the subject property is not established by the record * * * ” and then reasons that the affidavit of its manager which states, “ * * * that no timber was cut on the premises * * * outside the limits of defendant’s rights of way * * * ” supports as true the conclusion that such maintenance was within the bounds of the easement. The fallacy of this argument is that proof of the necessary width of the right of way is absent in this record. To supply this deficiency appellee contends that “ * * * the Court could take judicial notice of this customary 30 feet clearing width.” Judicial notice has yet to be extended to fill the vacuum created by the failure of a party to prove an essential fact. A material fact was presented to the chancellor which precluded the entry of the summary judgment as to the width of the easement for the transmission lines across the western portion of the subject property.
Some argument has been submitted as to an easement in favor of defendant over and across the southeast corner of appellants’ property. We find no basis to disturb the chancellor’s decree as to this segment of the appeal.
Reversed in part and affirmed in part.
WIGGINTON and CARROLL, Donald K., JJ-> concur.

. Chutchfield v. F. A. Sebring Realty Co., 69 So.2d 328 (Fla.1954) bold that -whether the easement is acquired by user, express grant, dedication or by implication, the burden of a right of way upon the servient estate must not be increased to greater extent than reasonably necessary and contemplated at the time of initial acquisition.