CARROLL, DONALD K., Judge.
The defendant in an inverse condemnation action has appealed from a final decree entered by the Circuit Court for Oka-loosa County, holding that the defendant held an easement eight feet wide over the plaintiffs’ land. This is the second appearance of this cause in this court—see Moore v. Choctawhatchee Electric Co-operative, Inc., 196 So.2d 788 (Fla.App.1967).
The basic question presented for our determination in the present appeal is whether the said court abused its discretion in entering the said final decree, in the light of the evidence before that court.
In the first appeal, as reported in 196 So.2d 788 (1967), we considered an order entered by the Circuit Court granting the defendant’s motion for a summary judgment. We reversed in part the said order, stating that we were of the opinion that a genuine issue of a material fact (the width of the easement) existed, precluding the entry of a summary judgment.
In the only footnote in our opinion in the first appeal (196 So.2d at page 789) we summarized with obvious approval the holding of the Florida Supreme Court in Crutchfield v. F. A. Sebring Realty Co., 69 So.2d 328 (1954), that “whether the easement is acquired by user, express grant, dedication or by implication, the burden of a right of way upon the servient estate must not be increased to greater extent than reasonably necessary and contemplated at the time of initial acquisition.” By using the quoted language, we intended, of course, that that language serve as a guideline to the Circuit Court, upon remand of the cause, in determining the question of the width of the easement.
After remand of the cause, two hearings were held at which the evidence of the parties was taken. The court then entered the final decree appealed from herein.
In the first appeal of this cause we recognized that the defendant had a right to an easement across the plaintiffs’ land. Therefore, in this second appeal, the entitlement of the said easement is settled' by “the law of the case,” and the only question before us in this second appeal is the width of that easement. More precisely, the question is whether the evidence, adduced by the parties at the two hearings held after the remand of the cause following the first appeal, is sufficient to support the finding of the chancellor that an eight-foot easement is “reasonably necessary and contemplated at the time of initial acquisition” (quoting the guideline in our opinion in the first appeal).
At the two hearings following the said remand, at which the Circuit Court *22 sat as the Chancellor trying the facts, the parties presented their testimony and other evidence relative to the question of the width of the easement in the light of the above guideline. Little evidence was adduced as to a reasonably necessary width and as to the width contemplated at the time of the initial acquisition. We have examined the evidence taken at the two hearings and find such evidence to he sufficient to permit the inferences drawn by the chancellor and his finding! that an easement eight feet wide is appropriate under the guideline we furnished him in the first appeal. In addition, the final decree appealed from herein comes to us with the presumption of correctness. We cannot find that he has abused his judicial discretion in entering that decree.
Therefore, the said final decree must be and it is
Affirmed.
RAWLS and JOHNSON, JJ., concur.