275 So.2d 289 (1973)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellee.
No. 72-856.
District Court of Appeal of Florida, Third District.
March 20, 1973.
Rehearing Denied April 18, 1973.
John R. Farrell, Miami, for appellant.
Shutts & Bowen, Thomas H. Anderson and William P. Simmons, Jr., Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is the second appearance here of this action for inverse condemnation. The facts of the instant case are fully set out in this court's prior opinion and need not be repeated here. See: State Dept. of Transport. v. Florida East Coast Ry. Co., *290 Fla.App. 1970, 230 So.2d 726, cert. denied Fla., 239 So.2d 587. The sole issue left for trial after our prior review dealt with a determination of the amount to be paid to appellee for the taking of its property for public highway purposes. In those proceedings the trial judge determined the date of the taking to be December 1, 1966. This was the time when the appellee cancelled the easement under which the street involved had been constructed and used by the public. In addition, the trial court ordered that in assessing the value of the property the appraisers should not consider a City of Miami building set back line (zoned street width line) that had been adopted on the "eve" of the controversy. The parties, thereafter, stipulated the value of the land to have been $400,000.00 on December 1, 1966. The final judgment of the court found the value of the property to be that amount with interest thereon in the amount of $132,000.00 and costs of $14,934.40. Attorney's fees were set at $75,000.00.
The appellant presents three points for our consideration. Point one is subdivided into the following contentions:
"(A) THE TRIAL COURT ERRED IN ENTERING FINAL JUDGMENT AGAINST THE DEPARTMENT WITHOUT ALLOWING IT TO PRESENT EVIDENCE UPON THE ISSUES OF DEDICATION BY PUBLIC USER (COMMON LAW DEDICATION), LACHES, ESTOPPEL AND ACCEPTANCE OF BENEFITS."
"(B) THE TRIAL COURT ERRED IN ARBITRARILY SETTING DECEMBER 1, 1966 AS THE DATE OF TAKING WITHOUT HEARING EVIDENCE TO SUPPORT SAME, AND DIRECTLY CONTRARY TO THE ONLY COMPETENT EVIDENCE OF RECORD."
We have carefully considered these points of appellant and are of the opinion that they are, in sum and substance, matters which were before this court or assigned as error in the prior appeal. Thus, under the doctrine of "law of the case" we have previously ruled on the points and choose not to reconsider the matters. See: Utley v. City of St. Petersburg, 121 Fla. 268, 163 So. 523; McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323; Cf., Choctawhatchee Electric Cooperative, Inc. v. Moore, Fla.App. 1969, 220 So.2d 20. Moreover, we are of the opinion that there was substantial competent evidence before the trial judge to substantiate its finding that the day of taking was December 1, 1966. Thus, no reversible error has been made to appear in this regard.
Appellant's remaining points on appeal deal with the action of the trial judge in ordering the appraisers to disregard a City of Miami set back line in making their appraisals, and in the amount set as an attorney's fee. We have considered the record, briefs and arguments of counsel on these points and have concluded that these points are likewise without merit.
Therefore, the judgment appealed from is hereby affirmed.
Affirmed.