### E. A. LITTLE AND ANOTHER V. GEORGE BIRDWELL AND OTHERS.

When an estate is solvent and is ready for partition and distribution, it is too late for the widow and children to apply for an allowance in lieu of the property exempt from execution. This is not by reason of any supposed forfeiture incurred by neglect or delay; but because the time has elapsed during which the statute designs to secure such property to the widow and children, and an allowance of it subsequent to that time would be in contravention of the provision which directs that such property shall be included in the partition and distribution of the estate.

A party cannot take under a will, and also assert or claim rights contradictory to or in conflict with it.

Where a testator provided by will for the support of his widow and children, and the widow probated the will and received the benefit of such provision for more than a year, she was not then entitled to an allowance in lieu of the year's support.

When the entry of a judgment, in connection with the record of the cause, leaves no doubt as to the parties in whose favor it was rendered, the judgment is not defective because such parties are not designated by name in the entry.

Upon an appeal from the County Court, judgment for costs was rendered by the District Court in favor of the appellees against the appellants and the sureties on their appeal bond, which bond was payable to the Chief Justice of the county as directed by law. *Held*, that the real purpose of the appeal bond, so far as costs are concerned, is for the protection of the officers of court; that it was not the intention of the legislature, nor has it been the practice of the courts, to force those officers to suits on the bond in the name of the Chief Justice in order to collect their costs; that the judgment as rendered is in conformity to the practical construction given to the law on the subject; and that it is correct as rendered.

Little v. Birdwell.

APPEAL from Rusk. Tried below before the Hon. C. A. Frazer.

This case is an offshoot from the case of Little v. Birdwell, reported in 21st Texas Reports, 597, where may be found the will and concomitant facts which engendered the litigation.

On the 20th day of July, 1858, the appellants, Little and wife, represented to the County Court that no year's allowance had ever been set aside for the widow (now Mrs. Little,) and children of Richard J. Ball, deceased; wherefore they prayed that two hundred and fifty dollars be allowed her therefor. They further represented that at the time of the death of said Ball, he had no lands out of which his said widow could get the homestead allowed her by law; wherefore they prayed an order setting apart one thousand dollars out of the assets of the estate for the purpose of purchasing a homestead for her and her children.

George Birdwell and wife and the other appellees, the children and heirs of Ball, filed objections to the claims of Little and wife, alleging that those claims had been adjudicated finally in the other suit already referred to; that under the will of said Ball, his widow, now Mrs. Little, had taken and enjoyed during her widowhood the whole of the estate; that the proceeds and profits of the estate were largely more than sufficient for the support of the widow and children; and that the estate was solvent.

The matter came to a hearing in the County Court at its August Term, 1858, and the application of Little and wife was refused; from which decision they appealed to the District Court, executing their appeal bond with sureties to the Chief Justice of the county as directed by law.

The appellees, at the Fall Term, 1858, of the District Court, moved to dismiss the appeal, because the claims asserted by Little and wife had been adjudicated in the former suit, in accordance with the decision of which the County Court had made the order appealed from in disallowance of the claims.

The cause came to trial at the Spring Term, 1859, and was submitted to the court without a jury. The court adjudged that the appellant, Elizabeth A. Little, was not entitled to the year's allowance, or to the allowance in lieu of a homestead, as prayed for

44*

by her and her husband; and that this judgment be certified to the County Court for observance. It was further adjudged that " the appellees recover of the appellants, and of J. W. Flanagan and J. B. Park, the sureties to their appeal bond, all costs in this behalf incurred, for which let execution issue."

Little and wife appealed and assign for error the rendition of judgment against them by the District Court; that the judgment is also defective, inasmuch as it does not recite the names of the parties for whom it was rendered; because said parties were not entitled to judgment for costs; and because the court further "erred in rendering a judgment for costs against the securities on the appeal bond in the Probate Court, and ordering execution— said bond, upon which these parties are liable, being made payable to the chief justice of the county, and not the party appellees in whose favor said judgment is proposed to be rendered."

*S. G. Swan*, for the appellants.

*W. Stedman* and *J. C. Robertson*, for the appellees.

MOORE, J.—We are not called upon in this case to decide, whether a party can, by a testamentary disposition of his property, prevent an appropriation of it being made by the chief justice as an allowance to the widow and children for a year's support, and in lieu of such property as is exempt from execution or forced sale by the constitution. Nor is it necessary for us to enquire whether the widow and children are forced to elect between such provision as may be made for them by the will, and the allowance for a year's support, and in lieu of property exempt from forced sale, which, by articles 752 and 753 of O. & W. Digest, the chief justice is directed to make for them at the first term of the court after the grant of letters testamentary, and after an inventory has been returned. Although the statute directs that the property exempt from sale under execution, shall, at the first term of the County Court after the return of the inventory and list of claims, be set apart for the use and benefit of the widow and children, yet it is also provided, if the estate is solvent, that

this property shall be included in the partition and distribution of the estate. It must follow, therefore, although the widow and children do not forfeit or lose their right to an allowance in lieu of the property not subject to forced sale, from their neglect to apply, or the failure of the chief justice to make the order for the allowance at the time directed in the statute, if the estate is solvent, as is the case here, that it is too late to make such application where the estate is ready for partition and distribution among the heirs. The order would then be altogether useless and nugatory. The time during which the statute intends to secure this property to the widow and children has then passed, and a subsequent right to it, by virtue of such allowance, is expressly repudiated.

Nor does the application for the allowance for a year's support for the widow and children of the testator, stand upon any better ground. Provision for this purpose was made by the will itself. And the record discloses the fact that the widow of the testator, who is the appellant in this case, caused the will to be probated; and that she held all of the property of the testator under it until her title failed, by reason of the limitation under which she held it. She had then received and enjoyed, by the provisions of the will, the allowance for a year's support, for which she is now seeking an order from the court. If it is not too late for the widow to make this application after the expiration of the year for which it was intended to furnish her the means of support, without at least some reasonable explanation for the delay, it cannot for a moment be supposed, that she can, after having enjoyed a bequest for this very purpose under the will, have another allowance set apart to her under the statute. Such an assumption would contradict the express provision of the statute, which limits the right to this allowance to cases where the widow and children have not separate property adequate for their support.

A party cannot take under a will, and also assert or claim rights contradictory to, or in conflict with it. (2 Vesey, Jr., 696; 2 Sch. & Lef., 449; St. Eq. Jur., sec. 1075, et seq.)

The questions arising under the remaining assignments of error, are not presented in a manner to require any consideration at our

hands. The rulings of which appellants complain, are believed to be in accordance with the settled and universal practice of all the courts of the State, from the very organization of the government. The entry of the judgment in connection with the record, leaves no doubt as to the parties in whose favor it was rendered. This we think was sufficient. The appeal bond was given for the purpose of binding the parties to it, among other things, for the cost to be incurred by the appeal. The sureties made themselves, by joining in the execution of the bond, parties to the record, for the purposes of a judgment for costs. All parties interested in the estate may be affected by the appeal, as well as those who are immediate parties to the proceeding in which the appeal was prosecuted. For this reason the statute directs the bond to be given to the chief justice. The real purpose of the bond, so far as it operates as a security for costs, is for the protection of the officers of court, and we do not think it was the intention of the legislature, or has been the practice of the courts, to require them to bring suits in the name of the chief justice to collect their costs. A practical construction has been given to the law upon the subject, which should only be changed by the legislature, if it is thought to be erroneous. Appellants' counsel, however, has neither cited authorities, nor suggested reasons, that lead us to the conclusion that the judgment is erroneous, and it is therefore affirmed.

Judgment affirmed.