HELEN B. HOOVER, *Plaintiff in Error*, vs. ROSE ELLEN HOOVER, by her next friend, A. R. THORLEY, *Defendant in Error*.

138 So. 373.

En Banc.

Opinion filed December 11, 1931.

Petition for rehearing denied January 4, 1932.

*Hardee & Martin,* for Plaintiff in Error;

*Clair A. Davis* and *John J. Lawless,* for Defendant in Error.

TERRELL, J.—This is an action at law by Defendant in Error, a feme covert, against the Plaintiff in Error for the alienation of her husband's affections. At the conclusion of the testimony, a motion for an instructed verdict in favor of the defendant was granted. Final judgment was

accordingly entered and later motion for new trial was granted and the writ of error was taken to that order.

T'wo questions are brought here for our determination, viz., (1) Has the Plaintiff, she being a feme covert, the right to maintain this action, and (2) Did the court below err in his order granting an instructed verdict for the defendant.

The modern rule in almost every state in this country has relaxed the old common law doctrine of coverture and now accords the wife a right of action for the alienation of her husband's affections. The rule has been extended both by Statute and rule of court. Schouler on Marriages, Divorce, Separation, and Domestic Relations (Sixth Edition) Vol. 2, 1573 citing many cases, Cooley on Torts (Student's Edition 1907) page 257, Par. 134. Foot vs. Card, 58 Conn. 1, 18 Atl. 1027, Gernerd vs. Gernerd, 185 Pa. St. 233, 39 Atl. 884.

This court is committed to the rule as thus announced. Sewell vs. Sewell, 91 Fla. 982, 109 So. 98. See also Carson's Florida Common Law Pleading 152 and Crandall's Florida Common Law Practice 167, to the same effect.

Section 2564 Revised General Statutes of 1920 (Sec. 4204 Compiled General Laws of 1927) provides that a married woman whose husband has become insane or has deserted her for a period of six months may prosecute or defend any action at law or in equity as if she were a feme sole and Section four of the Declaration of Rights (Florida Constitution) provides that all courts in this state shall be open so that every person for any injury done him in his lands, goods, person, or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial, or delay.

In answer to the second question, it is sufficient to say that under the law of this state, Section 2696 Revised General Statutes of 1920 (Section 4363 Compiled General Laws of 1927) the judge presiding may on motion there-

for made at the conclusion of the testimony instruct a verdict for the opposite party if it appears from the evidence submitted that the jury could not legally find a verdict for one party. The evidence has been examined and it is not made to appear that the court below erred in granting a new trial.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.