DOROTHEA ALICE BRANDT, a widow, v. MANUELA DE MORA BRANDT, a married woman whose husband has deserted her for six months.

189 So. 275

Division B

Opinion Filed May 23, 1939

244

*Douglas & Schad* and *Dunham & Meitin* and *MacWilliams & Upchurch,* for Plaintiff in Error;

*Mickler & Mickler,* for Defendant in Error.

PER CURIAM.—On May 6, 1935, Manuela de Mora Brandt filed her declaration in the Circuit Court of St. Johns County, Florida, against Dorothea Alice Brandt, alleging in substance that she on April 25, 1932, and on divers dates prior thereto, wilfully and maliciously alienated the affections of her husband, Edward Frederick Brandt, which he then held for her, and as a result thereof she was deprived of the society, affection, assistance and comfort of her husband. The case was submitted to a jury on a plea of not guilty and a verdict and judgment entered for the plaintiff below in the sum of $6,500.00. From this judgment an appeal has been perfected here and a number of errors assigned for a reversal.

The record shows that the plaintiff in error is a widow and had a Summer home at Asbury Park, New Jersey, and a Winter home at St. Augustine, Florida. Her sons, Edward Frederick Brandt and Rowlie Brandt, and her brother-in-law, George·Brandt, well advanced in years, lived with her. Her son Eddie Brandt matriculated as a law student at the University of Florida at Gainesville, and a home was purchased which he occupied while a student there. Plaintiff in error and family for the past several years, spent the Winters at St. Augustine.

During the Summer of 1922 Edward Frederick Brandt

was traveling in Spain and met the defendant in error when she was assigned the duty of entertaining tourists in her native city. She by profession was a teacher of Spanish and Edward Brandt had been a student of the Spanish language at a school located near Washington, D. C. There was an exchange of correspondence between the parties, and after the death of the mother of defendant in error, at the request of plaintiff in error during the year 1925 she was her guest at the home in Asbury Park. Defendant in error obtained employment as a teacher at the University of Wisconsin for some three or four Winters. She was on all occasions a welcome guest at the Summer and Winter homes of the plaintiff in error, where there was an exchange of gifts and letters between the parties to this suit.

On Monday, April 25, 1932, defendant in error and Edward Brandt married at Gainesville, Florida, and she lived with her husband at his home at Gainesville until the following Thursday, when she and her husband went to St. Augustine pursuant to an appointment with the plaintiff in error. The defendant in error was left in the home of a neighbor while Edward Brandt went to the home of his mother, where an attorney had been summoned and was present at a conference. The defendant in error and Edward Brandt did not live together after this Thursday.

Some eighteen months after marriage Edward Brandt filed suit for the annulment of the marriage for reasons set out in the bill of complaint, and a decree of annulment was entered by the lower court but on appeal here the decree was reversed and the bill of complaint dismissed. See Brandt v. Brandt, 123 Fla. 680, 167 So. 542.

It is contended that the plaintiff below was not as a matter of law authorized to prosecute the case at bar under

the allegation of the declaration, viz.: "Manuela de Nora Brandt, a married woman whose husband has deserted her for six months, sues Dorothea Alice Brandt, a widow," because the allegation fails to contain sufficient facts to predicate the recovery of a money judgment by a married woman under Section 4202 C. G. L. We have considered the evidence in support of the above allegations. It is not disputed that Edward Brandt left his wife at a rooming house near his mother's home in the City of St. Augustine about 4:00 o'clock on Thursday after marriage on Monday, April 25, 1932, and on the following day with his brother and wife drove in a car around the city. Some eighteen months thereafter a suit for annulment of the marriage was filed in the Circuit Court in St. Johns County, Florida, and the case reached this Court. It is difficult to conceive of a set of facts more suitable to be controlled by Section 4204 C. G. L. than here established. We fail to find merit in the assignment. See Saunders Transfer Co. v. Underwood, 77 Fla. 167, 81 So. 105; Hoover v. Hoover, 103 Fla. 846, 138 So. 373.

It is next contended that the lower court erred in its order made and entered at the conclusion of the taking of all the testimony in the cause when it overruled and denied the motion for a directed verdict in behalf of the defendant below. It is argued, under this assignment, that the burden of proof was on the plaintiff to show that the defendant alienated the affections of the plaintiff's husband and that such actions were the result of malice or bad intent on the part of the defendant toward the plaintiff. It is unnecessary in this opinion to quote the evidence adduced by the plaintiff to establish these allegations. Plaintiff in error was heard to say that she would not permit any woman to come between her and her son, and when the son called her

over the telephone and apprised her of his marriage she replied to him that he was a fool. Edward was called home on Thursday after the marriage and an attorney was at his mother's home and a conference was held. Suit was later filed to annul the marriage. There is no error on the part of the lower court in overruling and denying the motion for a directed verdict for the defendant below. This Court has held by a long line of decisions that if the evidence is conflicting or will permit of different reasonable inferences, or there is evidence tending to prove the issues it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the Court as a question of law. See Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; Williams v. Sherry, 94 Fla. 998, 114 So. 849; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

It is next contended that the court erred in its order overruling and denying defendant's motion for a new trial. We have given due consideration to the several grounds in support of the motion. The testimony has been carefully read and we fail to find error on the part of the lower court in this ruling. The burden is on the plaintiff in error to show that error existed in the record as a presumption exists as to the correctness of the ruling of the trial court. Where there is a conflict of evidence and the verdict is not manifestly against the weight of the evidence, the court should not interfere with and set aside the verdict of the jury. See Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557; Burnett v. Soule, 78 Fla. 507, 83 So. 461.

We have considered the evidence in the light of the contention of counsel for plaintiff in error to the effect that the verdict in the sum of $6,500.00 was excessive. We have examined some of the authorities bearing on this question and hold that the assignment is without merit.

It is next contended that the judgment appealed from is fatally defective because it fails to contain the words, viz.: "A married woman whose husband has' deserted her for six months," in the body or face of the judgment after the words, "The Plaintiff, Manuela de Mora Brandt." The judgment is, viz.:

"This cause coming on this day for Final Judgment and it appearing to the Court that a Jury having been heretofore duly impanelled and sworn in accordance with law, and after hearing the evidence, the arguments of counsel, and receiving the charge of the Court, retired to consider their verdict, and returning into the open Court, rendered the following verdict:

"St. Augustine, Florida, March 31, 1938.

"We, the Jury, find for the Plaintiff, and assess her damages in the sum of $6,500.00.

"So say we all.

"Glenn H. DeVore, Foreman."

"And the verdict having been duly filed and entered of record, It Is Thereupon Considered, Ordered and Adjudged, by the Court, that the Plaintiff, Manuela de Mora Brandt, do have and recover of and from the Defendant, Dorothea Alice Brandt, the sum of Sixty-five Hundred Dollars ($6,500.00), damages besides her costs in this behalf expended and herein taxed at Eleven Dollars Sixty Cents ($11.60), for which let execution issue.

"Done and Ordered this 28th day of May, A. D. 1938.

"H. B. Frederick, Circuit Judge."

In the case of Taylor v. Branham & Co., 35 Fla. 297, 17 So. 552, when considering the point assigned as' error said:

"The declaration gives accurately the names of each de-

fendant; the judgment gives the style of the cause at its head with sufficient definiteness to show without doubt that the 'plaintiffs' and 'defendants' referred to therein are the same individuals named and designated as such in the declaration and throughout the proceedings composing the record in the cause. While it is best that a judgment should be so complete within itself as that the officer issuing the process to enforce it can see at a glance the parties for and against whom such process is to be issued, yet, if the parties for and against whom a judgment is rendered are so referred to therein as that a reference to its caption, or to the pleadings, process and proceedings in the action, will make certain the names of the parties thus referred to, it is sufficient. Every judgment may be construed and aided by the entire record. 1 Freeman on Judgments (4th ed.), Sec. 50a; Smith v. Chenault, 48 Texas, 455; Little v. Birdwell, 27 Texas, 688; Hays v. Yarborough, 21 Texas, 487; Wilson & Wheeler v. Nance & Collins, 11 Humph. (Tenn.) 198."

See Davis v. Ivey, 93 Fla. 387, 112 So. 264, 275 U. S. 526, 48 Sup. Ct. 19, 72 L. Ed. 407; State, ex rel., Melbourne State Bank v. Wright, 107 Fla. 178, 145 So. 598.

The record having been carefully considered, and briefs and authorities cited by counsel examined, we have concluded that no error of law or procedure appears in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.