LittletoN, Judge,
delivered the opinion of the court:
In view of the facts disclosed by the record and as set forth in the findings, we are of opinion that there has been no taking of plaintiff’s property within the meaning of the Fifth Amendment and that plaintiff is, therefore, not entitled to recover. The set-back levee constructed and com *202 pleted by defendant in 19B1 did not cause the caving in of the bank upon which the old river-front levee was situated and the eventual crevassing of that levee and the overflowing of plaintiff’s land. In the flood-control legislation and' in the acts of the Government designed to carry out the program of such legislation, the Government assumed the lead and took upon itself the effort of controlling the flood waters of the Mississippi River for the purpose of improving the navigability of that river and for the purpose of protecting as much land and property along the Mississippi from the ravages of floods as far as it was feasible and possible to do so. However, the flood control act did not, in itself, assume responsibility to an owner of riparian land for damages that might be consequential or that might arise as an incident to the construction of levees along the Mississippi River or the construction of set-back levees. Nor did the act assume responsibility for damages to private property which might, as in the case at bar, result from the failure of the Government to construct and maintain a riverside levee of sufficient grade and strength as would insure an owner, whose land lay immediately behind such old levee, against the natural consequences of encroachment of flood waters of a river upon that levee. Plaintiff’s claim for a taking can have its foundation only upon the assertion that it was the duty of the Government to provide complete protection to lands situated behind the old river-front levee. The Government is under no legal obligation to construct and maintain levees that will protect every riparian owner. Jackson v. United States, 230 U. S. 1. Neither is the Government under legal duty to respond in damages for injuries that may result from surrounding or encircling land by a set-back levee and a river-front levee. Hughes v. United States, 230 U. S. 24. The flood-control act in itself furnishes no legal basis for the payment of consequential damages by reason of depression in the market value of property. In United States v. Sponenbarger et al., 308 U. S. 256, the court, at page 264, stated that “Loss in market value of respondent’s property, since 1927, has not been caused by any action of the Government, but is due to the flood of 1927, the depression, and *203 other causes unconnected with the governmental program under the 1928 Act. The United States has in no way molested respondent’s possession or interfered with her right of ownership.” And, further, at page 266, the court said “* * * and the Fifth Amendment does not make the Government an insurer that the evil of floods be stamped out universally before the evil can be attacked at all.” In Vansant v. United States, 75 C. Cls. 562, this court held that depreciation in market value does not, in itself, constitute a taking of property; and the cases of Jackson v. United States, supra, Hughes v. United States, supra, and United States v. Sponenbarger et al., supra, hold that the raising of levees in one locality or the failure to raise them in another so as to afford equal protection of all landowners does not constitute a taking under the Fifth Amendment. See, also, A. J. Matthews, as Trustee for R. W. Owen et al. v. United States, 87 C. Cls. 662. Plaintiff is still in possession of his land and even after the disastrous flood of 1937, which crevassed the river-front levee, he cultivated the land. It cannot, therefore, be said that plaintiff has been ousted of possession and use of his property by any act of the Government, or that the Government has taken his property for public purposes within the meaning of the Fifth Amendment.
The petition will therefore be dismissed. It is so ordered.
Green, J\udge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.