450 So.2d 328 (1984)
HOWARD JOHNSON COMPANY, Appellant,
v.
DIVISION OF ADMINISTRATION, STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. 83-2154, 83-2155.
District Court of Appeal of Florida, Fourth District.
May 23, 1984.
Lee Mandell of Gaston Snow & Ely Bartlett, Hall & Swann, Coral Gables, for appellant.
H. Reynolds Sampson, Tallahassee, Alan E. DeSerio, Fred Reedy and John H. Beck, Dept. of Transportation, Tallahassee, for appellee.
HERSEY, Judge.
In condemnation proceedings appellant unsuccessfully sought business damages and brings this appeal.
The condemnation proceedings involved the taking of one parcel of land in fee simple and the taking of a construction easement over another parcel of land, both of which were occupied by appellant as tenant under a lease extending for more than five years.
The statute upon which appellant relies in seeking business damages, section 73.071(3)(b), Florida Statutes, delineating the extent of compensation, provides:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Division *329 of Road Operations of the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages... .
Appellant's interpretation of this provision is indicated by the following colloquy between counsel and the court:
THE COURT: Would you make this distinction, again, of the type of damages you're seeking, here? Is it damages that were sustained during the construction period or after the construction period? Did you make a distinction of that?
MR. MANDELL: During the construction.
THE COURT: During the construction?
MR. MANDELL: Yes, Your Honor, but these are not severance damages, this that we're asking for. These are business loss damages which are as result of the effect of the taking.
THE COURT: You are claiming business loss damages during the construction period?
MR. MANDELL: That's correct, Your Honor.
The record demonstrates that appellant seeks damages for a temporary loss of business during construction of the expansion of the highway occasioned by use of the parcel taken as an easement and the noise, vibration, dust and related nuisances resulting from the construction.
It is well established that such consequential damages are not compensable in condemnation proceedings. In State Road Dep't v. Lewis, 170 So.2d 817 (Fla. 1964), the Florida Supreme Court indicated that:
These special business damages authorized by the statute are predicated upon the effect the taking of an owner's land for a right of way has upon such a business and not upon the effect the construction . .. of a roadway has upon such business.
Id. at 819. See also Leeds v. City of Homestead, 407 So.2d 920 (Fla. 3d DCA 1981), and Division of Admin., State Dep't of Transp. v. Hillsboro Ass'n, 286 So.2d 578 (Fla. 4th DCA 1973). Further, an owner sustains no enforceable claim for damages resulting from incidental impairment of rights to ingress and egress. Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457 (Fla. 1891).
Appellant was not seeking severance damages. Instead, the damages of which appellant complains are those which would be suffered in common by all owners of property abutting the new construction, and (as we previously indicated) such damages are not compensable in condemnation proceedings. In Anhoco Corp. v. Dade County, 144 So.2d 793 (Fla. 1962), Anhoco was entitled to severance damages for the destruction of its access. However, the court added:
[W]hen assessing any damages suffered[,] [the landowner] is not entitled to recover for losses occasioned merely by the customary limitations on the flow of traffic over a highway which is being constructed under so-called "traffic conditions." Every business abutting an established highway which is being reconstructed suffers the same type of loss. To this extent any damage suffered is damnum absque injuria.
Id. at 799.
Accordingly, we affirm.
DOWNEY and DELL, JJ., concur.