497 So.2d 672 (1986)
FLORIDA AUDUBON SOCIETY, Tropical Audubon Society, Inc. and South Florida Water Management District, Appellants/Cross-Appellees,
v.
Nat RATNER, Appellee/Cross-Appellant.
Nos. 85-913, 85-915.
District Court of Appeal of Florida, Third District.
October 21, 1986.
Rehearing Denied December 9, 1986.
*674 Thomas J. Schwartz and Stanley J. Niego, West Palm Beach, Fleming and Huck and Joseph Z. Fleming, Miami, for appellants/cross-appellees.
Brigham, Moore, Gaylord, Schuster & Sachs and Steven Mishan and Gideon Kanner, Miami, for appellee/cross-appellant.
Before BARKDULL, HENDRY and NESBITT, JJ.
NESBITT, Judge.
The South Florida Water Management District (District) and the Florida Audubon Society (FAS) appeal from the trial court's order calling for the construction of a two-lane bridge across Canal 30 and two one-lane ramps over and across Levees 67A and 67C and adjacent canals in the Everglades. Ratner[1] cross-appeals from a portion of the same order holding that the District's actions did not constitute a taking of his property in the Everglades and that he may not mine limestone because such use would conflict with the purposes of the District's easement. We affirm in all respects but one; we reverse that portion of the trial court's order directing the District to construct a two lane bridge over Borrow Canal 30 and order the court to modify it in accordance with the views expressed herein.
We need not recite the underlying facts of the case as they were sufficiently set forth in South Florida Water Management District v. Ratner, 357 So.2d 1055 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla. 1978) (hereinafter Ratner I). The case was remanded, with instructions for the trial court to determine "the necessity for action by the District to provide access to all owners when it has been demonstrated to the court that there is a need for that access." Ratner I, 357 So.2d at 1060.

I. Access
Upon remand, the trial court found that Ratner demonstrated the requisite need for access to his property and in its final judgment ordered the District to construct one-way ramps over and across Levees 67A and 67C and adjacent canals and a two-lane bridge over and across Levee 30 and Borrow Canal 30. FAS contends that the trial court erred in ordering the District to construct bridges and ramps, both because the District is not legally obligated to do so and because Ratner failed to demonstrate a need for these. The District urges us to find error in the court's judgment as well, but solely upon the lack of factual support in the record for Ratner's position.
This court previously held that the District must bear the cost of providing Ratner with reasonable access to his property for the exercise of his reserved rights. Ratner I, 357 So.2d at 1059. Therefore, FAS' first argument must fail; the law of the case is clear and we are bound thereby. See Brunner Enterprises v. Department of Revenue, 452 So.2d 550 (Fla. 1984); Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976); 3-M Electric Corp. v. Vigoa, 443 So.2d 111 (Fla. 3d DCA 1983) review denied, 447 So.2d 888 (Fla. 1984); Department of Transportation v. Florida *675 East Coast Railway Co., 275 So.2d 289 (Fla. 3d DCA 1973).
FAS and the District contend that the trial court's judgment is unsupported by the record. Where a judgment, based upon the trial court's findings, is attacked for insufficiency of evidence, our task is to determine if there is competent substantial evidence supporting it. Bermil Corp. v. Sawyer, 353 So.2d 579 (Fla. 3d DCA 1977); cf. Marsh v. Marsh, 419 So.2d 629 (Fla. 1982) (trial court's findings entitled to same weight as jury verdict). Ratner presented evidence demonstrating that he is seeking to sell his property to companies that would be interested in the reserved rights listed in the easement and such other rights which would not conflict with the easement. These companies, however, will not discuss a transaction without having access to Ratner's property for exploration of oil, gas and other minerals, and general survey work, this apparently being the accepted business practice as a prerequisite to negotiations. We are satisfied that there is competent substantial evidence supporting the trial court's judgment that one-way ramps should be constructed over and across Levees 67A and 67C and adjacent canals so that trucks and equipment may cross during the dry season for preliminary exploration.
We find, however, that the weight of evidence contradicts the trial court's finding that Ratner and the surrounding landowners are in present need of a two-lane bridge over Borrow Canal 30. No evidence of the immediate needs of surrounding landowners was presented. Additionally, Ratner does not seek to develop the land himself, but rather, he seeks to sell the land to interested parties for a profit. A one-lane bridge would provide sufficient access for the exploration of the land. Since this aspect of the order is against the weight of the evidence, we reverse and instruct the trial court to modify its order to require the District to construct a one-lane bridge[2] over and across Levee 30 and Borrow Canal 30. See Holland v. Gross, 89 So.2d 255 (Fla. 1956) (where weight of evidence is contrary to trial court's findings, appellate court may set aside findings); Dixson v. Kattel, 311 So.2d 827 (Fla. 3d DCA 1975) (where findings are contrary to weight of the evidence, appellate court has duty to reverse).

II. Inverse Condemnation
Ratner amended his complaint, upon remand after the District's first appeal, to state a cause of action for inverse condemnation and moved to have this issue, along with the related issue of his rights to limestone mining, tried prior to the remaining issues. The motion was granted and after trial the court ruled that Ratner was not entitled to any compensation since the District's actions did not amount to a taking. Also, the trial court held that Ratner was not entitled to mine limestone on his property. The judgment was vacated at Ratner's request, so that he would not have to appeal it prior to a determination of the remaining issues. The trial court subsequently held, however, that the order vacating judgment was merely procedural and incorporated it, verbatim, into the final judgment.
Ratner contends, in his cross-appeal, that the court erred in finding that the District's actions did not amount to a taking. We disagree. A taking occurs only where an owner is deprived of all reasonable and beneficial use of the property involved. Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.) cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). In the present case, there was no actual destruction or use of the property by the District. Cf. Northcutt v. State Road Department, 209 So.2d 710, 713 (Fla. 3d DCA 1968) (no action for *676 inverse condemnation will lie absent actual destruction of property or use), cert. discharged, 219 So.2d 687 (Fla. 1969). Furthermore, the complained-of taking was caused by the presence of canals for which the District purchased easements. Because there was no substantial violation of any restrictions in the easement, there was no taking. Cf. Kendry v. State Road Department, 213 So.2d 23 (Fla. 4th DCA 1968) (where there is substantial violation of restriction in easement, wronged party may seek compensation for taking), cert. denied, 222 So.2d 752 (Fla. 1969). Moreover, "an owner sustains no enforceable claim for damages resulting from the incidental impairment of rights to ingress and egress." Howard Johnson Co. v. Division of Administration, 450 So.2d 328, 329 (Fla. 4th DCA 1984). The evidence demonstrates that alternative means of access were available to Ratner. The damage Ratner suffered, being common to all landowners abutting the District's canal system, is not compensable. See Howard Johnson Co., 450 So.2d at 329; Northcutt, 209 So.2d at 713.

III. Reserved Rights
Ratner contends that the trial court erred in concluding that he was precluded from mining limestone from his lands and in denying his motion for a new trial on this issue. Ratner claims that there is a general reservation of all rights not conveyed incident to the granting of an easement and that the trial court failed to reach this issue at trial. Further, Ratner maintains that the trial court erred in ruling that limestone mining was not specifically reserved by subparagraph (a) of the easement document.
The document states in pertinent part:
It is specifically understood and agreed that the foregoing grant of the uses, rights and privileges aforesaid shall in no wise prohibit or interfere with the right of the parties of the first part (the plaintiff's predecessors in interest), their heirs, administrators, assigns or lessees, to: (a) lease or conduct operations on the premises herein described, for the exploration or drilling for, or the developing, producing, storing, or removing of oil, gas or other minerals in or under the aforesaid premises, (b) remove topsoil, muck, etc., from the surface, (c) make such further use as will not conflict with the purposes for which this grant is given. (emphasis added)
It is clear from subparagraph (c) that the parties contemplated a restriction on the grantor's rights. That subservient fee owner's rights are limited to those which do not conflict with the purposes of an easement is in accordance with the common law. Wilson v. Dunlap, 101 So.2d 801, 804 (Fla. 1958) (a subservient fee owner is "estopped of course to exercise any rights in the area which will interfere in any way with the enjoyment of the easement by those entitled thereto"). The record reveals the easement was obtained by the District for the purposes of flood control, reclamation, conservation, and allied purposes, as evinced by the intentions of the parties at the time of agreement as well as by the contemporary usage. Cf. Kotick v. Durrant, 143 Fla. 386, 196 So. 802 (1940) (when construing an easement, court may look to intentions at time of grant, practical construction, conduct, admissions, or contemporary usage). The evidence demonstrates that limestone mining would affect aquatic plant growth, the natural cleansing processes of the water, and the evapotranspiration and seepage rates of the water. The District's water control system was designed based upon existing conditions. Though the parties dispute whether the overall impact of the changes brought on by limestone mining would be detrimental, any changes in the fragile balance of the Everglades environment would necessarily interfere with the District's water control systems and, thus, its rights as exercised under the easement. Consequently, Ratner may properly be restricted from mining limestone.
Additionally, we find that the trial court correctly applied relevant case law in *677 defining the reservation of "other minerals" in subparagraph (a) of the easement document to exclude limestone. See United States Smelting, Refining & Mining Co. v. Wigger, 684 P.2d 850 (Alaska 1984) (gravel was not contemplated by the parties to be included in a mineral lease, and was not a mineral as determined by the vernacular of the mining world, the commercial world, and landowners at the time of the grant); Kinder v. La Salle County Carbon Coal Co., 310 Ill. 126, 141 N.E. 537 (1923) (limestone was not within meaning of grant of "oil and minerals of every description" since such mining would destroy the surface and destroy any reservation grantor was entitled to); Wulf v. Shultz, 211 Kan. 724, 508 P.2d 896 (1973) (a grant of oil, gas, and other minerals should not be interpreted to include substances, such as limestone, removal of which would destroy the surface estate); Keller v. Ely, 192 Kan. 698, 391 P.2d 132 (1964) (rule of ejusdem generis as used in interpreting reservation of all oil, gas, and minerals is applicable to only things similar in nature to those specifically enumerated and does not include gypsum); White v. Miller, 200 N.Y. 29, 92 N.E. 1065 (1910) (an exception of "minerals" includes all inorganic substances that were removable from land except the surface limestone); Holland v. Dolese Co., 540 P.2d 549 (Okla. 1975) (limestone is not a "mineral" within the ordinary and natural meaning of word, and is not within the reservation of minerals in a conveyance); Campbell v. Tennessee Coal, Iron & R. Co., 150 Tenn. 423, 265 S.W. 674 (1924) (reservations are construed against grantor and limestone was not within the reservation of "all mines and minerals" although it is mineral in the technical sense); Acker v. Guinn, 464 S.W.2d 348 (Tex. 1971) (a grant or reservation of minerals should not usually be interpreted to include a substance that must be removed by methods that will consume or deplete the surface estate, such as limestone or iron ore); Heinatz v. Allen, 147 Tex. 512, 217 S.W.2d 994 (1949) (sand, gravel, and limestone are not "minerals" within ordinary and natural meaning of word unless they are of exceptional character or value, and are part of the conveyance of a surface estate); Beury v. Shelton, 151 Va. 28, 144 S.E. 629 (1928) (since a conveyance with a reservation of limestone would amount to no conveyance at all, where limestone is part of surface and virtually covers the property, it will not be included in a reservation of "minerals").
Finally, a judgment must be interpreted in accordance with the proceedings, orders, facts, and law of the case. Brandt v. Brandt, 138 Fla. 243, 189 So. 275 (1939); American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862 (1915); McGinn v. McGinn, 425 So.2d 1202 (Fla. 2d DCA 1983); 32 Fla.Jur.2d Judgments & Decrees § 24 (1981). Both parties presented evidence on the effects limestone mining would have upon the District's easement. Also, the trial court, after hearing argument, stated that all of the issues pertinent to Ratner's right to mine limestone had been considered in the previous trial by another judge and it had been determined that no such right existed. In light of the record, we find that the portion of the judgment previously entered by the prior judge conclusively denies Ratner the right to mine limestone under any provision in the easement document purporting to reserve rights to the grantor, cf. Evans v. Carroll, 104 So.2d 375 (Fla. 1958) (though trial court did not expressly refer to certain points, decree was a negative disposition of all pertinent questions); Gil v. DeMarco, 296 So.2d 660 (Fla. 3d DCA 1974) (same); Nusbaum v. Riskin, 136 So.2d 1 (Fla. 2d DCA 1961) (same), and that the trial court correctly denied Ratner's motion for a new trial.

IV. Newly Discovered Evidence
Ratner contends that the trial court erred in denying his motion for new trial, even if it had previously reached the aforementioned issue, because he had newly discovered opposing evidence to present. *678 He sought to proffer the testimony of Vincent P. Amy, an expert on the effects of limestone mining, and a report prepared by Amy for the United States Army. We find that this was not grounds for a new trial. First, a trial judge is vested with broad discretionary power to grant or deny a new trial. Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985). Second, granting a new trial on the basis of newly discovered evidence is disfavored. King v. Harrington, 411 So.2d 912 (Fla. 2d DCA), review denied, 418 So.2d 1279 (Fla. 1982). Third, newly discovered evidence is a valid basis for a new trial only where the evidence could not have been discovered before trial by the exercise of due diligence, and where the evidence is not cumulative. Ogburn v. Murray, 86 So.2d 796 (Fla. 1956); Roberto v. Allstate Insurance Co., 457 So.2d 1148 (Fla. 3d DCA 1984).
The report Ratner sought to proffer was prepared on September 5, 1980, well before the trial and judgment in June 1981. Since this report could have been discovered prior to trial, it was not error for the trial court to deny Ratner's motion for a new trial on this ground. Furthermore, had Ratner timely presented the report, Amy's testimony on the same subject would have been merely cumulative. Therefore, whether or not Amy was available to testify at trial is irrelevant, and Ratner may not argue that the evidence is not cumulative because of his initial neglect with respect to the same evidence which was available. Cf. Ogburn, 86 So.2d at 798 (newly discovered evidence is an invalid ground for a new trial where plaintiff's attorney is at fault for failing to secure evidence). Thus, the trial court correctly denied Ratner's motion for a new trial.
In summation, we conclude that the final judgment is supported by competent substantial evidence in all but one respect. Finding that the weight of evidence fails to support the trial court's order for the District to construct a two-lane bridge, we reverse in part and remand for modification in accordance with the instructions herein. In all other respects, the judgment under review is affirmed.
NOTES
[1] During the pendency of this appeal, Nat Ratner passed away. The personal representative for his estate, Albert B. Ratner, has been substituted for the Appellee/Cross-Appellant, Nat Ratner.
[2] We take note of the District's claim that it could build a one-lane bridge which could later be converted into a two-lane bridge at little or no additional cost over initial construction of a two-lane bridge. If this is possible, surely it would be to the District's advantage to do so, in case a further need for access due to the reasonable pursuit of a reserved right is demonstrated at a later point in time by a servient tenement owner.