541 So.2d 1329 (1989)
Fred and Bonita BENSCH, et al., Appellants,
v.
METROPOLITAN DADE COUNTY, Ronald Leins, South Florida Water Management District, Appellees.
No. 88-1073.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Mark V. Silverio, Miami, for appellants.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, Robert A. Ginsburg, County Atty., and Eileen Ball Mehta, Asst. County Atty., Stanley J. Niego, Atty., for South Florida Water Management Dist., West Palm Beach, for appellees.
Before SCHWARTZ, C.J., BARKDULL, J., and JAMES C. DAUKSCH, Jr., Associate Judge.
SCHWARTZ, Chief Judge.
The plaintiffs are landowners in an area of the east Everglades. They sued Dade County, the South Florida Water Management District and several governmental employees and officeholders on the ground that various Dade County zoning enactments and flooding instituted by the South Florida Water Management District had together *1330 severely reduced the value of their property. They now appeal from the dismissal of their amended complaint with prejudice. We affirm.
As the plaintiffs acknowledge, the entire basis of their action as against Dade County for both money damages[1] and injunctive relief because of the zoning restrictions is based upon the proposition that a constitutional "taking" of their property has occurred. See Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941); Moviematic Indus. v. Board of County Comm'rs, 349 So.2d 667 (Fla. 3d DCA 1977). Fatally to their claim, however, no such taking was properly alleged. This is true for two reasons:
(a) The amended complaint does not assert,[2] as is required to make out such a conclusion, that the zoning regulations deprived the plaintiffs of all beneficial uses, including agricultural ones, of their property. See Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 129, 98 S.Ct. 2646, 2662, 57 L.Ed.2d 631, 652 (1978) (["T]he submission that appellants may establish a `taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed was available for development is quite simply untenable."); Pace Resources, Inc. v. Shrewsbury Township, 808 F.2d 1023, 1031 (3d Cir.1987) (allegation of denial of "economically viable use of... property" does not demonstrate that a taking occurred), cert. denied, [482] U.S. [906], 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987); Florida Audubon Soc'y v. Ratner, 497 So.2d 672, 675 (Fla. 3d DCA 1986)("A taking occurs only where an owner is deprived of all reasonable and beneficial use of the property involved."), review denied, 508 So.2d 15 (Fla. 1987); Garden State Properties, Inc. v. Dade County, 410 So.2d 655 (Fla. 3d DCA 1982); City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 554 (Fla. 1967).
(b) There was no showing that the plaintiffs had attempted to or could not achieve their desired use of the land in question by employing the variance procedures written into the zoning ordinances for just that purpose. See Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986).[3]
Insofar as the contention that the Flood District's alleged flooding of the area also constitutes a taking, the plaintiffs' pleading is similarly defective. It is established that to support such a claim,
the flooding must constitute an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to, the property. 12 Fla.Jur., Eminent Domain, § 70; 18 Am.Jur., Eminent Domain, § 134; and 2 Nichols, Eminent Domain, § 6.23(3).
Dudley v. Orange County, 137 So.2d 859, 863 (Fla. 2d DCA 1962), appeal dismissed, 146 So.2d 379 (Fla. 1962), cert. denied, 372 U.S. 959, *1331 83 S.Ct. 1014, 10 L.Ed.2d 12 (1963); accord Arundel Corp. v. Griffin, 89 Fla. 128, 103 So. 422 (1925); Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457 (1891); Department of Transp. v. Burnette, 384 So.2d 916 (Fla. 1st DCA 1980); Poe v. State Road Dep't, 127 So.2d 898 (Fla. 1st DCA 1961); see Hillsborough County v. Gutierrez, 433 So.2d 1337 (Fla. 2d DCA 1983); Leon County v. Smith, 397 So.2d 362 (Fla. 1st DCA 1981), review denied, 411 So.2d 383 (Fla. 1981). As we have already indicated, however,[4] there is no statement in the amended complaint which meets this test. Indeed, it demonstrates to the contrary that the flooding was not sufficiently extensive to constitute a required "substantial ouster." No taking claim has therefore been asserted.[5]
Finally and briefly, we find no merit to the plaintiffs' complaint of a lack of procedural due process in the enactment of the ordinances and no grounds for fixing liability upon any of the individual defendants.
Affirmed.
NOTES
[1] The appellants recognize, however, that no right to damages resulting from even an invalid regulation arises under Florida law. See Dade County v. National Bulk Carriers, Inc., 450 So.2d 213 (Fla. 1984). Because of our finding that no violation at all was pled in this case, we need not decide whether this rule has been affected by the apparent holding of the United States Supreme Court to the contrary in First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987).
[2] Indeed it affirmatively appears otherwise.
[3] We note, but find it unnecessary to rule upon the applicability of any other basis for the conclusion that no constitutional deprivation was alleged here. See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 505-06, 107 S.Ct. 1232, 1252-53, 94 L.Ed.2d 472, 500-01 (1987) (compensation not required where regulation prevents harm or danger or restrains activities tantamount to public nuisance); see also Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla. 1981), cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981).
[4] See supra note 2.
[5] Citing e.g., United States of America v. Sponenbarger, 308 U.S. 256, 60 S.Ct. 225, 84 L.Ed. 230 (1939); Creppel v. U.S. Army Corps of Engineers, 500 F. Supp. 1108 (E.D.La. 1980), rev'd in part, 670 F.2d 564 (5th Cir.1982); and Kirch v. United States, 91 Ct.Cl. 196 (1940), the Water Management District claims in addition that there was no showing that any recent flooding was in excess of the conditions before its flood control project was instituted in 1949, as, it argues, is also a necessary prerequisite to an action of this kind. It is unnecessary in this case to state whether this is an accurate statement of the doctrine relied upon or whether it is a part of Florida law.