544 So.2d 1065 (1989)
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellant,
v.
Raymond MACKAY and Irene Mackay, Appellees.
No. 88-2776.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied July 21, 1989.
*1066 Richard Grosso, Tallahassee, for appellant.
David Paul Horan, Key West, for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
Raymond and Irene MacKay own 3.2 acres of land in Key West, Florida. Two and one-half acres lie completely underneath the Key West Salt Ponds. The remaining .7 acre of land consists of transitional wetlands and uplands. In 1983, the MacKays applied to the State of Florida, Department of Environmental Regulation, [Department] for permission to fill the submerged portions of their property. The Department denied the application, and the MacKays sued, alleging that the Department had taken their property without paying just compensation, in violation of Article X, Section 6, Florida Constitution. The trial court found that the Department's ruling precluded all economically reasonable use of the property, and thus, constituted a taking. The Department appeals. We reverse.
The MacKays have failed to show that a taking has occurred. "[A] taking will not be established merely because the agency denies a permit for the particular use that a property owner considers to be the most desirable, or because the agency totally denies use of some portion of the property," Fox v. Treasure Coast Regional Planning Council, 442 So.2d 221, 226 (Fla. 1st DCA 1983), so long as some economically viable use of the property remains. See Graham v. Estuary Prop., Inc., 399 So.2d 1374 (Fla.), cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981); Bensch v. Metropolitan Dade County, 541 So.2d 1329 (Fla. 3d DCA Apr. 18, 1989); Florida Audubon Soc'y v. Ratner, 497 So.2d 672 (Fla. 3d DCA 1986), review denied, 508 So.2d 15 (Fla. 1987); Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). The MacKays have not demonstrated that the Department's decision deprived them of all beneficial uses of their property; on the contrary, the evidence discloses that viable economic uses exist.
Furthermore, the MacKays have also failed to establish that they could not achieve their desired use of the property under a variance from the City of Key West. The evidence demonstrates that the MacKays neither applied for a building permit nor requested a variance from the zoning requirements of the city. See Bensch; MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986); Williamson County Regional Planning Bd. v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); Hodel v. Virginia Surface Mining & Reclamation Ass'n, 452 U.S. 264, 101 S.Ct. 2389, 69 L.Ed.2d 1 (1981). Under these circumstances, we conclude that the trial court's decision was, at best, premature.
Reversed and remanded.